IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| WILLIAMS BOWERS MANAGEMENT, LLC D/B/A WIDE OPEN MUSIC, ASH BOWERS, JIMMIE ALLEN, and JOHN DOES 1-100, | ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 3:23-cv-00477

## DEFENDANT WILLIAMS BOWERS MANAGEMENT, LLC'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Williams Bowers Management, LLC ("WBM"), incorrectly named as "Williams Bowers Management d/b/a Wide Open Music,"[1] respectfully moves this Court for an order dismissing with prejudice all claims asserted against it in the Verified Complaint (DE 1) filed by Plaintiff Jane Doe ("Plaintiff"). In support of its Motion, WBM states as follows:

1. Plaintiff's claim that WBM engaged in a sex-trafficking venture in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591, 1595 (Count II), should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] As set forth on WBM's contemporaneously filed Business Entity Disclosure, Wide Open Music is not the trade name of Williams Bowers Management, LLC.

2. Plaintiff's state law claims against WBM (Counts VI, VII, VIII, IX, and X) based on conduct that predates May 11, 2022 are barred by the applicable one-year statute of limitations (Plaintiff filed her Verified Complaint on May 11, 2023).

3. Plaintiff's negligence claims against WBM (Counts VI, VII, VIII, and X) fail to state a claim upon which relief may be granted because Plaintiff has failed to allege facts on which the Court could find that WBM owed Plaintiff a duty of care.

4. Plaintiff's intentional infliction of emotional distress ("IIED") (Count IX) and negligent infliction of emotional distress (Count X) claims against WBM also fail because WBM is not vicariously liable for Jimmie Allen's conduct as Allen was not WBM's agent. Even if he were WBM's agent, any sexual harassment, assault, battery, or false imprisonment was committed outside the scope of his agency relationship. Furthermore, Ash Bowers' alleged conduct is not sufficiently outrageous to sustain an IIED claim.

**IN SUPPORT OF ITS MOTION**, WBM relies upon its Memorandum in Support of its Motion to Dismiss filed contemporaneously herewith and incorporated herein by reference.

**WHEREFORE**, Williams Bowers Management, LLC respectfully requests that this Court grant this Motion to Dismiss, dismiss Plaintiff's Verified Complaint against WBM in its entirety and with prejudice, and order any other relief that the Court deems just and proper.

Respectfully submitted,

*s/ Samuel D. Lipshie*
Samuel D. Lipshie (TN BPR No. 009538)
John P. Rodgers (TN BPR No. 030324)
Caroline D. Spore (BPR No. 036214)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
T: (615) 244-2582
F: (615) 252-6380
E: slipshie@bradley.com
E: jrodgers@bradley.com
E: cspore@bradley.com

*Attorneys for Defendant, Williams Bowers Management, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to all parties registered with the Court's electronic filing system. Any party not registered for such electronic notices will receive a copy of this filing via United States Mail, first-class postage prepaid.

John Spragens
SPRAGENS LAW PLC
311 Second Avenue North
Nashville, Tennessee 37203
john@spragenslaw.com

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Drive, 24th Floor
Chicago, Illinois 60606
beth@feganscott.com

*s/ Samuel D. Lipshie*
Samuel D. Lipshie