# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **NO. 3:23-CV-00477** |
| | ) | |
| **v.** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **WILLIAM BOWERS MANAGEMENT,** | ) | **JURY TRIAL DEMANDED** |
| **LLC D/B/A WIDE OPEN MUSIC,** | ) | |
| **ASH BOWERS, JIMMIE ALLEN, and** | ) | |
| **JOHN DOES 1-100,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER AND COUNTERCLAIM

Defendant Jimmie Allen ("Defendant") for his answer to the Complaint filed by Plaintiff Jane Doe states as follows:

### INTRODUCTION

1.      Defendant admits that Plaintiff was a day-to-day artist manager with Wide Open Music ("WOM"). Defendant is without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 1 of the Complaint and, therefore, denies them.

2.      Defendant admits that Plaintiff was assigned to be Defendant's day-to-day manager from approximately mid-2020 to late 2022, that Defendant is a multi-platinum country music recording artist and songwriter, and that Ash Bowers ("Bowers") was Defendant's manager. Defendant is without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 2 of the Complaint and, therefore, denies them.

3.     The averments contained in Paragraph 3 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 3 of the Complaint and, therefore, denies them.

4.     The averments contained in Paragraph 4 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 4 of the Complaint and, therefore, denies them.

5.     The averments contained in Paragraph 5 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, Defendant denies them.

6.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 6 of the Complaint and, therefore, denies them.

7.     The averments contained in Paragraph 7 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, Defendant denies them.

8.     The averments contained in Paragraph 8 of the Complaint are denied.

9.     The averments contained in Paragraph 9 of the Complaint are denied.

10.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 10 of the Complaint and, therefore, denies them.

11.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 11 of the Complaint and, therefore, denies them.

12.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 12 of the Complaint and, therefore, denies them.

13.     The averments contained in Paragraph 13 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response.  To the extent these averments are deemed to be allegations of fact, Defendant denies them.

## JURISDICTION AND VENUE

14.     The averments contained in Paragraph 14 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact, Defendant does not contest subject matter jurisdiction, but denies that any acts or omissions occurred that support the allegations of the Complaint.

15.     The averments contained in Paragraph 15 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response.  To the extent these allegations are deemed to be allegations of fact, Defendant does not contest venue, but denies that any acts or omissions occurred that support the allegations of the Complaint.

## PARTIES

16.     The averments contained in Paragraph 16 of the Complaint are admitted, upon information and belief.

17.     Defendant admits that he is a citizen of the United States and is a resident of Brentwood, Tennessee.

18.     The averments contained in Paragraph 18 of the Complaint are admitted, upon information and belief.

19.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 19 of the Complaint and, therefore, denies them.

**FACTS**

20.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 20 of the Complaint and, therefore, denies them.

21.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 21 of the Complaint and, therefore, denies them.

22.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 22 of the Complaint and, therefore, denies them.

23.     Defendant admits that Plaintiff was assigned to be Defendant's day-to-day manager beginning in approximately mid-2020, that Defendant had a contract with WOM, and that Bowers was Defendant's manager.  Defendant is without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 23 of the Complaint and, therefore, denies them.

24.     Defendant admits that Plaintiff attended events with him and handled various tasks for him as his day-to-day manager.  Defendant is without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 24 of the Complaint and, therefore, denies them.

25.    Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 25 of the Complaint and, therefore, denies them.

26.    Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 26 of the Complaint and, therefore, denies them.

27.    Defendant admits that he was introduced to Plaintiff during a video conference call in mid-2020, and that Bowers was present on the call. Any averments contained in Paragraph 27 that are inconsistent with these limited admissions are denied.

28.    Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 28 of the Complaint and, therefore, denies them.

29.    Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 29 of the Complaint and, therefore, denies them.

30.    The averments contained in Paragraph 30 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response. To the extent these averments are deemed to be allegations of fact, Defendant denies them.

31.    The averments contained in Paragraph 31 of the Complaint are denied.

32.    The averments contained in the first sentence of Paragraph 32 are denied. Defendant is without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 32 of the Complaint and, therefore, denies them.

33.    Defendant admits that he occasionally touched and hugged Plaintiff in a non-sexual manner during the time that she was his day-to-day manager. Defendant is without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 33 of the Complaint and, therefore, denies them.

34.     Defendant admits that in March 2021, after filming an American Idol episode in which he appeared, Defendant, Plaintiff, and multiple industry executives attended a dinner at Craig's in West Hollywood, California.  Defendant also admits to having a consensual sexual encounter with Plaintiff that evening.  Defendant denies insisting that Plaintiff take Plan B as soon as possible.  Defendant is without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 34 of the Complaint and, therefore, denies them.

35.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 35 of the Complaint and, therefore, denies them.

36.     Defendant admits to accompanying Plaintiff to a drugstore to purchase Plan B after she expressed a desire to do so.  The remaining averments contained in Paragraph 36 of the Complaint are denied.

37.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 37 of the Complaint and, therefore, denies them.

38.     Defendant admits the averments contained in the first sentence of Paragraph 38 of the Complaint.  Defendant is without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 38 of the Complaint and, therefore, denies them.

39.     The averments contained in Paragraph 39 of the Complaint are admitted.

40.     The averments contained in Paragraph 40 of the Complaint are denied.

41.     The averments contained in the first sentence of Paragraph 41 of the Complaint are denied.  Defendant is without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 41 of the Complaint and, therefore, denies them.

42.     The averments contained in Paragraph 42 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no

response.  To the extent these averments are deemed to be allegations of fact, Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 42 of the Complaint and, therefore, denies them.

43.     The allegations contained in Paragraph 43 of the Complaint are denied.

44.     The allegations contained in Paragraph 44 of the Complaint are denied.

45.     The allegations contained in Paragraph 45 of the Complaint are denied.

46.     The allegations contained in Paragraph 46 of the Complaint are denied.

47.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 47 of the Complaint and, therefore, denies them.

48.     The averments contained in the first sentence of Paragraph 48 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response.  To the extent these averments are deemed to be allegations of fact, Defendant denies them.  Defendant is without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 48 of the Complaint and, therefore, denies them.

49.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 49 of the Complaint and, therefore, denies them.

50.     The averments contained in Paragraph 50 of the Complaint are not factual allegations that require a response, but arguments of counsel or conclusions of law that require no response.  To the extent these averments are deemed to be allegations of fact, Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 50 of the Complaint and, therefore, denies them.

51.     Defendant admits that Plaintiff sought medical care while accompanying him on a work trip to Honolulu, Hawaii.  Defendant is without sufficient knowledge or information to either

admit or deny the remaining averments contained in Paragraph 51 of the Complaint and, therefore, denies them.

52.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 52 of the Complaint and, therefore, denies them.

53.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 53 of the Complaint and, therefore, denies them.

54.     The averments contained in the first sentence of Paragraph 54 of the Complaint are denied.  Defendant is without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 54 of the Complaint and, therefore, denies them.

55.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 55 of the Complaint and, therefore, denies them.

56.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 56 of the Complaint and, therefore, denies them.

57.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 57 of the Complaint and, therefore, denies them.

58.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 58 of the Complaint and, therefore, denies them.

59.     Defendant is without sufficient knowledge or information to either admit or deny the averments contained in Paragraph 52 of the Complaint and, therefore, denies them.

60.     Defendant admits that Plaintiff was terminated.  Defendant is without sufficient knowledge or information to either admit or deny the remaining averments contained in Paragraph 60 of the Complaint and, therefore, denies them.

## COUNT I - VIOLATION OF 18 U.S.C. § 1591, 1595
### (Against Allen)

61.     Defendant reaffirms and incorporates his responses to Paragraphs 1 through 60 as if fully set forth herein.

62.     The averments contained in Paragraph 62 of the Complaint are denied.

63.     The averments contained in Paragraph 63 of the Complaint are denied.

64.     The averments contained in Paragraph 64 of the Complaint are denied.

65.     The averments contained in Paragraph 65 of the Complaint are denied.

66.     The averments contained in Paragraph 66 of the Complaint are denied.

67.     The averments contained in Paragraph 67 of the Complaint are denied.

## COUNT II - VIOLATION OF 18 U.S.C. § 1591, 1595
### (Against WOM and Bowers)

68.     Defendant reaffirms and incorporates his responses to Paragraphs 1 through 67 as if fully set forth herein.

69.     The averments contained in Paragraph 69 do not relate to Defendant, so no response is required.

70.     The averments contained in Paragraph 70 do not relate to Defendant, so no response is required.

71.     The averments contained in Paragraph 71 do not relate to Defendant, so no response is required.

72.     The averments contained in Paragraph 72 do not relate to Defendant, so no response is required.

73.     The averments contained in Paragraph 73 do not relate to Defendant, so no response is required.

74.     The averments contained in Paragraph 74 do not relate to Defendant, so no response is required.

## COUNT III – BATTERY
### (Against Allen)

75.     Defendant reaffirms and incorporates his responses to Paragraphs 1 through 74 as if fully set forth herein.

76.     The averments contained in Paragraph 76 of the Complaint are denied.

77.     The averments contained in Paragraph 77 of the Complaint are denied.

78.     The averments contained in Paragraph 78 of the Complaint are denied.

79.     The averments contained in Paragraph 79 of the Complaint are denied.

## COUNT IV – ASSAULT
### (Against Allen)

80.     Defendant reaffirms and incorporates his responses to Paragraphs 1 through 79 as if fully set forth herein.

81.     The averments contained in Paragraph 81 of the Complaint are denied.

82.     The averments contained in Paragraph 82 of the Complaint are denied.

83.     The averments contained in Paragraph 83 of the Complaint are denied.

## COUNT V – FALSE IMPRISONMENT
### (Against Allen)

84.     Defendant reaffirms and incorporates his responses to Paragraphs 1 through 83 as if fully set forth herein.

85.     The averments contained in Paragraph 85 of the Complaint are denied.

86.     The averments contained in Paragraph 86 of the Complaint are denied.

87.     The averments contained in Paragraph 87 of the Complaint are denied.

## COUNT VII – GROSS NEGLIGENCE
### (Against WOM and Bowers)

88.     Defendant reaffirms and incorporates his responses to Paragraphs 1 through 87 as if fully set forth herein.

89.     The averments contained in Paragraph 89 do not relate to Defendant, so no response is required.

90.     The averments contained in Paragraph 90 do not relate to Defendant, so no response is required.

91.     The averments contained in Paragraph 91 do not relate to Defendant, so no response is required.

92.     The averments contained in Paragraph 92 do not relate to Defendant, so no response is required.

93.     The averments contained in Paragraph 93 do not relate to Defendant, so no response is required.

94.     The averments contained in Paragraph 94 do not relate to Defendant, so no response is required.

95.     The averments contained in Paragraph 95 do not relate to Defendant, so no response is required.

## COUNT VII – NEGLIGENCE
### (Against WOM and Bowers)

96.     Defendant reaffirms and incorporates his responses to Paragraphs 1 through 95 as if fully set forth herein.

97.     The averments contained in Paragraph 97 do not relate to Defendant, so no response is required.

98.    The averments contained in Paragraph 98 do not relate to Defendant, so no response is required.

99.    The averments contained in Paragraph 99 do not relate to Defendant, so no response is required.

100.   The averments contained in Paragraph 100 do not relate to Defendant, so no response is required.

101.   The averments contained in Paragraph 101 do not relate to Defendant, so no response is required.

102.   The averments contained in Paragraph 102 do not relate to Defendant, so no response is required.

## COUNT VIII – NEGLIGENT FAILURE TO WARN, TRAIN, OR EDUCATE
### (Against WOM and Bowers)

103.   Defendant reaffirms and incorporates his responses to Paragraphs 1 through 102 as if fully set forth herein.

104.   The averments contained in Paragraph 104 do not relate to Defendant, so no response is required.

105.   The averments contained in Paragraph 105 do not relate to Defendant, so no response is required.

106.   The averments contained in Paragraph 106 do not relate to Defendant, so no response is required.

## COUNT IX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against WOM, Bowers, and Allen)

107.   Defendant reaffirms and incorporates his responses to Paragraphs 1 through 106 as if fully set forth herein.

108.    The averments contained in Paragraph 108 of the Complaint are denied.

109.    The averments contained in Paragraph 109 of the Complaint are denied.

110.    The averments contained in Paragraph 110 of the Complaint are denied.

111.    The averments contained in Paragraph 111 of the Complaint are denied.

112.    The averments contained in Paragraph 112 of the Complaint are denied.

## COUNT X – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against WOM, Bowers, and Allen)

113.    Defendant reaffirms and incorporates his responses to Paragraphs 1 through 112 as if fully set forth herein.

114.    The averments contained in Paragraph 114 of the Complaint are denied.

115.    The averments contained in Paragraph 115 of the Complaint are denied.

116.    The averments contained in Paragraph 116 of the Complaint are denied.

The unnumbered paragraph following Paragraph 116 is a prayer for relief requiring neither an admission nor a denial by the Defendant. To the extent the prayer for relief seeks to create an inference that Defendant engaged in unlawful conduct or that Plaintiff is entitled to any remedy or relief, Defendant denies that Plaintiff is entitled to any of the relief sought therein or that Defendant is liable to Plaintiff to any extent.

117.    For further response to the Complaint, Defendant states that any allegations not expressly admitted, denied, or explained herein are hereby expressly denied.

## AFFIRMATIVE DEFENSES

Now having fully answered Plaintiff's Complaint, Defendant pleads his affirmative defenses in this action as follows:

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's Complaint fails to conform with Federal Rule of Civil Procedure 10(a) because it does not state the name of all parties and no special circumstances exist to justify Plaintiff's use of a pseudonym.

3.      Plaintiff's claims may be barred in whole or part by the applicable statute of limitations to the extent that Plaintiff relies on actions or omissions that occurred outside of the applicable statute of limitations.

4.      Plaintiff is not entitled to recover any damages from Defendant, including, but not limited to, the damages alleged in the Complaint and in the Complaint's prayer for relief.

5.      Defendant is not liable for any injuries Plaintiff suffered.

6.      Defendant denies that Plaintiff suffered any medical or psychological damages as a result of any of the actions alleged in the Complaint.

7.      Plaintiff's claim for violation 18 U.S.C. § 1591 is barred because 18 U.S.C. § 1591 does not provide a private right of action.

8.      Plaintiff did not engage in a commercial sex act within the meaning of 18 U.S.C. § 1591.

9.      No means of force, threats of force, fraud, coercion, or any combination of such means were used to cause Plaintiff to engage in a commercial sex act within the meaning of 18 U.S.C. § 1591.

10.     Defendant did not recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit by any means Plaintiff to engage in a commercial sex act within the meaning of 18 U.S.C. § 1591.

11.     Defendant did not knowingly benefit, or attempt to conspire to benefit, financially or by receiving anything of value from participation in a venture which he knew or should have known had engaged in an act in violation of 18 U.S.C. § 1591.

12.     Defendant did not act knowingly or in reckless disregard of the fact that means of force, threats of force, fraud, coercion, or any combination of such means were allegedly used to cause Plaintiff to engage in a commercial sex act within the meaning of 18 U.S.C. § 1591.

13.     Plaintiff's claims for assault, battery, and false imprisonment are barred by the doctrine of consent.

14.     Defendant did not engage in any negligence which caused or contributed to Plaintiff's alleged damages.

15.     Defendant denies that his conduct was extreme, outrageous, or reckless under the circumstances.

16.     Plaintiff is not entitled to punitive damages against Defendant because Plaintiff cannot show Defendant's actions were with malice or reckless indifference such that punitive damages would be appropriate under any applicable law.

17.     Plaintiff's claims of damages are barred, in whole or in part, to the extent Plaintiff has failed to mitigate her alleged damages.

18.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, are the result of her own acts or omissions, or the acts or omissions of third parties, such acts or omissions being the sole proximate cause of any alleged damages or, in the alternative, a contributing case of such alleged damages.

19.     Plaintiff is not entitled to recover attorneys' fees, costs, or other special exemplary damages in this matter.

20.     Plaintiff's claims are barred, in whole or in part, by additional affirmative defenses that may arise during these proceedings.  Defendant reserves the right to raise and assert any other affirmative defenses that he has or may have, including, but not limited to, the affirmative defenses set forth in Rule 8 and/or Rule 12 of the Federal Rules of Civil Procedure, and any other matters or defenses, as warranted by further investigation.

WHEREFORE, having fully answered the Complaint, Defendant prays that this matter be dismissed with prejudice, that all costs be assessed against Plaintiff, that Defendant be awarded his reasonable expenses, including attorneys' fees, and that Defendant be granted such other and further relief as the Court deems just and appropriate.  Alternatively, Defendant demands a trial by a jury of twelve persons, or the maximum number of jurors allowed under the Federal Rules of Civil Procedure and/or the Local Rules of the Middle District of Tennessee.

## COUNTERCLAIM

Defendant/Counter-Plaintiff James Edward Allen II ("Allen") now assumes the role of Counter-Plaintiff and asserts the following Counterclaim against Plaintiff/Counter-Defendant Jane Doe. In support, Allen states as follows:

### PARTIES

1.      Defendant/Counter-Plaintiff James Edward Allen II ("Allen") is a citizen and resident of Brentwood, Tennessee.

2.      Upon information and belief, Plaintiff/Counter-Defendant Jane Doe is a citizen and resident of Brentwood, Tennessee.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2).

## FACTUAL ALLEGATIONS

5.      Allen is a successful country music singer and songwriter.

6.      Allen first moved to Nashville, Tennessee in 2007 to pursue his music career.

7.      Allen's career began to take off when he signed a music publishing deal with WOM in 2016.

8.      Shortly thereafter, Allen signed a recording contract with Broken Bow Records' Stoney Creek Records imprint in 2017.

9.      Allen also signed a booking contract with United Talent Agency and an artist management contract with WOM.

10.     After his career breakthrough in 2017, Allen began booking consistent projects in music, television, and even professional bowling.

11.     Allen began working with Jane Doe when she was assigned by WOM as his day-to-day manager in mid-2020.

12.     In March of 2021, Allen and Doe began to engage in a consensual sexual relationship.

13.     Throughout the relationship, sexual encounters were initiated by both Allen and Doe.

14.     The relationship continued until the fall of 2022 when Allen ended the relationship to focus on repairing his relationship with his wife.

15.     Shortly after Allen ended the relationship, Doe quit her job at Wide Open Management.

16.     In October of 2022, Allen and WOM mutually parted ways after Bowers told Allen that he should find an artist manager who knows more about the film and TV industry.

17.     Allen's separation from WOM was unrelated to Jane Doe.

18.     Allen was unaware that Jane Doe made any allegations of improper conduct at the time he separated from WOM.

19.     Allen first learned of Jane Doe's allegations of improper conduct against him on November 22, 2022, when he was contacted by Jane Doe's attorney.

20.     Allen declined to engage in dialogue with Jane Doe's attorney.

21.     Allen's career continued to flourish in early 2023 when he toured the country as a supporting act for Carrie Underwood's Denim and Rhinestones Tour.

22.     In early May of 2023, Allen was contacted by a reporter from Variety asking for comment on Jane Doe's forthcoming lawsuit.

23.     The reporter forwarded Allen a copy of a draft federal court complaint against him for rape and sexual abuse, and included claims for sex trafficking, assault, battery, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress.

24.     Allen provided a statement to Variety denying Jane Doe's allegations.

25.     Variety ultimately published an article titled "Country Star Jimmie Allen Sued for Assault and Sexual Abuse by Former Manager (EXCLUSIVE)" on May 11, 2023 ("Variety Article").

26.     That same day, Jane Doe also filed her complaint against Allen, Williams Bowers Management, LLC d/b/a Wide Open Music, Ash Bowers, and John Does #1-100 ("Complaint")

in the case of *Doe v. Williams Bowers Management, LLC et al*, Docket No. 3-23-00477, currently pending in the United States District Court for the Middle District of Tennessee.

27.     The Variety Article included statements from Variety's interview with Jane Doe wherein she detailed her allegation that "Allen raped her and repeatedly subjected her to sexual abuse and harassment over a period of 18 months."

28.     The Variety Article, which incorporated Jane Doe's interview, included several pieces of information that were not included in her Complaint.

29.     Throughout the Variety Article, Jane Doe made several untruthful statements which painted Allen and Doe's consensual affair as nonconsensual sexual misconduct.

30.     Additionally, Doe disparaged Allen throughout the Variety Article, calling him a "Predator," a "threat," and stating that her life has been "turned inside out" because of him.

31.     The Variety Article also included comments by Jane Doe's attorney, Elizabeth Fegan, accusing Allen and his representatives of making "threats" against Jane Doe.

32.     The Variety Article was published on the same day as the 58th Academy of Country Music Awards in Frisco, Texas, and quickly disseminated throughout music industry executives at the event, as well as social media in general.

33.     Later in the afternoon on May 11, Allen's record label, BBR Music Group, announced that it was suspending him, he was removed from the main stage lineup for the Country Music Association's upcoming "CMA Fest," and he was dropped as the commencement speaker for Delaware State University's 2023 graduation.

34.     In the following days, Allen was also dropped by UTA, dropped by his publicist, and suspended by his new artist management company.

35.     In the weeks following the Variety Article, Allen lost lucrative endorsement deals, had several performance contracts cancelled, and was ultimately dropped by his record label.

36.     Since the Variety Article, Allen has been unable to book musical performances, promotional appearances, or television appearances.

37.     Allen's reputation and relationships within the entertainment industry have also been severely damaged as a result Jane Doe's statements in the Variety Article.

### COUNT I – DEFAMATION

38.     Allen incorporates each preceding paragraph as if fully stated herein.

39.     Jane Doe published the false statements about Allen described in Paragraphs 27-30 to one or more third parties.

40.     Jane Doe made the non-privileged statements described in Paragraphs 27-30 with knowledge that the statements were false or with reckless disregard of the truth.

41.     The statements described in Paragraphs 27-30 caused great damage to Allen, including impairment of his reputation and standing in the community, personal humiliation, and mental anguish and suffering.

42.     The statements described in Paragraphs 27-30 also hold Allen up to public hatred, contempt, or ridicule, and they carry with them an element of disgrace.

43.     Jane Doe's actions were deliberate, intentional, malicious, and willful, thereby entitling Allen to punitive damages.

### COUNT II — FALSE LIGHT INVASION OF PRIVACY

44.     Allen incorporates each preceding paragraph as if fully stated herein.

45.     Jane Doe gave publicity to matters concerning Allen that placed Allen before the public in a false light as a sexual abuser, and Jane Doe is subject to liability to Plaintiff for invasion

of his privacy.

46. The false light in which Jane Doe placed Allen is highly offensive to a reasonable person.

47. Jane Doe had knowledge of or acted in reckless disregard as to the falsity of the publicized matters and the false light in which Allen would be placed.

48. Allen suffered damages as a result of Jane Doe's placing him in a false light.

**COUNT III — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

49. Allen incorporates each preceding paragraph as if fully stated herein.

50. Jane Doe's conduct in providing information and statements for inclusion in the Variety Article was intentional or reckless.

51. Jane Doe's conduct in providing information and statements for inclusion in the Variety Article was intended to cause Allen severe emotional distress and mental injury.

52. Jane Doe's conduct in providing information and statements for inclusion in the Variety Article was so outrageous that it is not tolerated by civilized society.

53. Jane Doe's conduct in providing information and statements for inclusion in the Variety Article resulted in significant mental injury to Allen and ongoing anxiety and concern over how Jane Doe's future actions may impact not him, his career, and his family.

**COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

54. Allen incorporates each preceding paragraph as if fully stated herein.

55. Allen had existing business relationships throughout the music and entertainment industries, including, but not limited to, his recording contract with Broken Bow Records and his booking contract with UTA.

56.     Allen also had prospective business relationships with other third parties, including, but not limited to, performance bookings, appearance agreements, and product endorsements.

57.     As his day-to-day manager, Jane Doe had actual knowledge of Allen's existing business relationships with Broken Bow Records and UTA, among others, as well as his prospective business relationships.

58.     Jane Doe intentionally interfered with Allen's existing and prospective business relations with the specific intent to cause a termination of those existing and prospective business relationships.

59.     Jane Doe intentionally interfered with Allen's existing and prospective business relations with improper motive and by using improper means.

60.     As a direct and proximate result of this interference by Jane Doe, several of Allen's current business relationships, including both Broken Bow Records and UTA, terminated their respective business relationships and contracts with Allen.

61.     As a direct and proximate result of this interference by Jane Doe, several of Allen's prospective business relationships, including those concerning brand endorsements music performances, were terminated.

62.     As a direct and proximate result of Jane Doe's intentional interference with Allen's existing and prospective business relations, Allen has suffered damages, including, but not limited to, lost profits, loss of goodwill, and loss of business reputation.

63.     As a direct and proximate result of Jane Doe's intentional interference with Allen's existing and prospective business relations, Allen is entitled to damages in an amount to be proven at trial.

WHEREFORE, Defendant/Counter-Plaintiff James Edward Allen II respectfully requests that this Court award him the following relief:

(a) An award of compensatory damages against Plaintiff/Counter-Defendant Jane Doe for her wrongful conduct as referenced above;

(b) An award of punitive damages against Plaintiff/Counter-Defendant Jane Doe for her intentional, malicious, fraudulent, and/or reckless conduct;

(c) Grant Defendant a trial by jury on all applicable claims;

(d) Attorneys' fees;

(e) Prejudgment and post judgment interest;

(f) Costs and expenses; and

(g) Such other relief as may be just and appropriate.

*/s/ Jonathan Cole*
Jonathan Cole, TN BPR No. 016632
Katelyn R. Dwyer, TN BPR No. 039090
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1600 West End Ave., Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
jcole@bakerdonelson.com
kdwyer@bakerdonelson.com

*Attorneys for Jimmie Allen*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2023, a copy of the foregoing *Answer and Counterclaim* was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record; and copies were furnished by U.S. Mail to counsel who were not provided a copy by the CM/ECF system:

John Spragens
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
Ph: (615) 983-8900
Fax: (615) 682-8533
john@spragenslaw.com

Elizabeth A. Fegan (to be admitted pro hac vice)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

*Attorneys for Plaintiff*

Samuel David Lipshie
BRADLEY ARANT BOULT
CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203-0025
(615) 252-2332
slipshie@bradley.com

*Attorneys for William Bowers
Management, LLC d/b/a Wide Open Music*

*/s/ Jonathan Cole*
Jonathan Cole