IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3: 2023-cv-00477 |
| v. | ) |
| | ) |
| WILLIAMS BOWERS MANAGEMENT, | ) JUDGE CAMPBELL |
| LLC D/B/A WIDE OPEN MUSIC, ASH | ) MAGISTRATE JUDGE CHIP FRENSLEY |
| BOWERS, JIMMIE ALLEN, and | ) |
| JOHN DOES 1-100, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO PROCEED UNDER A PSEUDONYM**

Plaintiff Jane Doe hereby respectfully moves the Court to issue a protective order to proceed under a pseudonym pursuant to Federal Rules of Civil Procedure 5.2(e) and 26(c).

## I. BACKGROUND

Plaintiff Jane Doe is a victim and a survivor of sexual assault and repeated sexual harassment and abuse by Jimmie Allen ("Allen"), a multi-platinum country musician, while working for Williams Bowers Management ("WBM") and Ash Bowers ("Bowers"). As a result of Defendants' actions, Jane Doe has been diagnosed with anxiety, depression, and post-traumatic stress disorder ("PTSD") and is currently in a weekly intensive therapy program. Plaintiff filed her original Complaint pseudonymously, identifying herself as Jane Doe as (i) this litigation requires disclosing information of the utmost intimacy, namely description of the sexual assaults and repeated sexual harassment and abuse that Allen inflicted upon her; and (ii) the public disclosure of her name will interfere with her mental health treatment and mental and physical health treatment.

Plaintiff alleges that between February 2020 and October 26, 2022, when she was employed as Allen's Day-to-Day Manager, Allen subjected Plaintiff to repeated sexual harassment and abuse, including rape. Compl. ¶¶ 1-13, 20-51. Defendants WBM and Bowers, knowing Allen's tendencies to commit sexual misconduct, assigned Plaintiff as Allen's Day-to-Day Manager, and failed to properly warn, train, and supervise Plaintiff to protect her from Allen. *Id.* ¶¶ 27-30. Bowers and WBM terminated Plaintiff for complaining about the sexual abuse. *Id.* ¶¶ 31-51.

Jane Doe continues to work in the same industry as Defendants, and thus is continuously reliving and being forced to relive "the worst days of [her] life." *See* Declaration of Jane Doe ("Doe Decl."), ¶ 10, Ex. A hereto.[1] Jane Doe seeks to proceed pseudonymously because, *inter alia*, (i) she is in ongoing weekly intensive treatment for the depression, anxiety, and PTSD caused by Defendants' actions, which present an ongoing risk to her physical and mental health; (ii) Allen took her virginity when she was incapacitated, and he should not be permitted to also force her to identify herself in order to seek justice; (iii) she fears seeing Defendants at industry events, fears that Allen might harm her again, and thus continues to engage in therapy and treatment so that she can successfully function in the same industry in which her abuser and former employer work; (iv) given that WBM and Bowers terminated her when she detailed the full extent of Allen's abuse, she fears further career sabotage; and (v) she believes that disclosure will prolong her recovery, and she will consider dropping the lawsuit if the motion is denied due to the trauma that would follow her name being made public. Doe Decl., ¶¶ 3-17.

---

[1] A redacted version of Jane Doe's declaration is filed as Exhibit A. Contemporaneously, Plaintiff has filed a motion for leave to file the unredacted declaration under seal.

Moreover, Elizabeth Porter, the Licensed Mental Health Therapist treating Jane Doe, has opined that forcing Jane Doe to disclose her identity publicly will negatively affect Jane Doe's mental health, will cause secondary trauma, including PTSD re-traumatization, and will set back Jane Doe's recovery. *See* Declaration of Elizabeth Porter, LMHC ("Porter Decl."), Ex. B hereto.

As such, along with the highly sensitive nature of her allegations, Plaintiff reasonably fears further harm to her mental health recovery from the disclosure of her identity amidst significant public interest. Proceeding anonymously and permitting redactions of Plaintiff's name, signature and other potentially personal identifying information balance the interest of public disclosure with the privacy interests of a sexual assault victim and will not prejudice Defendants. Accordingly, Plaintiff respectfully requests that her motion for leave to proceed under a pseudonym be granted.

## II. ARGUMENT

A complaint generally must state the names of all parties. Fed. R. Civ. P. 10(a). Federal courts, however, can excuse plaintiffs from identifying themselves in certain circumstances. Rule 16 provides this Court with the authority to manage pretrial proceedings and issue a protective order to "protect a party or person from annoyance, embarrassment, and oppression." Fed. R. Civ. P. 16(b), 26(c). Accordingly, the Court has discretion to protect plaintiffs from publicly disclosing their identities by entering a proposed protective order. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (noting that plaintiffs wishing to proceed under pseudonyms must move for a protective order).

The United States Court of Appeals for the Sixth Circuit considers several factors to determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings such that a plaintiff may proceed under a pseudonym:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (quotations omitted). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *Id.* at 560-61. Not all the factors must be present for the Court to allow the plaintiff to proceed anonymously. *Doe v. City of Memphis*, No. 2:13-cv-03002, 2014 U.S. Dist. LEXIS 187665, at *7-8 (W.D. Tenn. Dec. 10, 2014). Other relevant factors include the risk of psychological and other harm to the plaintiff and the public's interest in open access to proceedings. *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 U.S. Dist. LEXIS 209324, at *20-29 (M.D. Tenn. Oct. 29, 2021).

District Courts of Tennessee have held that plaintiffs who were sexually harassed over a long period of time are entitled to proceed under a pseudonym. *See Doe v. Ross Univ. Sch. of Med.*, No. 3:18-cv-411, Doc. 14 at Page ID # 69 (E.D. Tenn. Oct. 2, 2018) (holding a student plaintiff was entitled to proceed under a pseudonym in a suit against the university he attended, where he alleged he was "stalked, sexually propositioned and harassed by an unnamed female student over the course of a year"); *see also Doe v. Penske Truck Leasing, Co. LP*, 2019 U.S. Dist. LEXIS 250839, at *5 (E.D. Tenn. Feb. 8, 2019) (holding that the "plaintiff's privacy interest substantially outweighs the presumption of openness" where "plaintiff allege[d] that she was sexually harassed over the course of several months, and eventually sexually assaulted by being forced to perform oral sex on [defendant]. Her allegations are sufficiently serious that her interest in keeping her identity private outweighs the presumption of openness, particularly in the absence of prejudice to defendants"). Additionally, Courts have allowed plaintiffs to proceed

4

anonymously where plaintiffs were sexually assaulted or grossly abused one time but would be subjected to adverse consequences and repercussions in their community and social lives. *See Doe v. Andrews*, No. 3:15-cv-1127, Doc. 12 (M.D. Tenn. Oct. 28, 2015) (granting the plaintiff's motion to proceed anonymously where she was sexually assaulted by defendants at a fraternity house); *see also Doe v. Corr. Corp. of Am.*, No. 3:15-cv-68, Doc. 11 (M.D. Tenn. Jan. 27, 2015) (granting the plaintiff's motion for protective order where she was required to display her genitals to prison guards for an inspection while visiting an inmate in a prison).

Analyzing the relevant factors shows that Plaintiff has a substantial privacy right that outweighs the presumption of openness in judicial proceedings and should therefore be permitted to proceed anonymously here.

### A. The sexual assault and abuse of Plaintiff constitutes information of the utmost intimacy.

Courts have generally recognized that matters of rape and sexual assault involve "highly sensitive and personal subjects." *Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 U.S. Dist. LEXIS 209324, at *17 (quoting *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014)); *Ramsbottom v. Ashton*, No. 3:21-cv-00272, 2021 U.S. Dist. LEXIS 119989, at *4 (M.D. Tenn. June 28, 2021) (finding, in suit involving allegations of sexual abuse and trafficking, that plaintiff's allegations constituted matters of the "utmost intimacy"). However, the potential for embarrassment or public humiliation alone does not justify a request for anonymity. *Id.* at *13. Several courts have explained that information of the utmost privacy concern "matters of a sensitive and highly personal nature, such as birth control [and] abortion … ." *Doe v. Tenn. Bd.*, 2022 U.S. Dist. LEXIS 134355 (E.D. Tenn. July 25, 2022) (quoting *G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 U.S. Dist. LEXIS 13973, at *2 (W.D. Mich. Feb. 6, 2012) and *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979)).

Here, a protective order is required because Plaintiff is not just embarrassed; rather, she is required to disclose the manner in which she alleges Defendant Allen raped her when she was incapacitated, and the various ways he sexually assaulted and abused her person – information of the utmost intimacy. *See, e.g.,* Compl., ¶¶ 27-51. Plaintiff will be required to disclose and describe repeated verbal and physical sexual harassment, public groping, forcible sexual assault, as well as threats of blackmailing and termination to cause submission. *Id*. For instance, after Allen sexually assaulted Plaintiff, who was a virgin, Allen insisted she take Plan B, an emergency contraceptive that helps prevent pregnancy within 72 hours after unprotected sex. *Id*. ¶¶ 34-36.

When Plaintiff reported the pattern of serious sexual misconduct, Bowers and WBM terminated her. *Id.* ¶¶ 52-60. In addition to disclosing highly sensitive, personal, and intimate information to support these allegations in discovery and at trial, Plaintiff is suing Bowers and WBM for their failure to protect her and thereby perpetuating the sexual misconduct. Plaintiff was forced to tolerate the egregious sexual abuse and did for 18 months in order to save her professional career but was retaliated against for reporting this behavior. As such, there is not just a potential for embarrassment or public humiliation, but a significant threat to her career and livelihood. Thus, this factor weighs in favor of Plaintiff proceeding anonymously.

### B. There is no prejudice to Defendants.

Defendants' ability to defend the case is unaffected by Plaintiff's use of a pseudonym. Here, Plaintiff does not seek to prevent Defendants from knowing her identity, but rather, seeks only to shield her identity from the public. Defendants know Plaintiff's identity and thus Defendants have the information needed to defend themselves in this litigation. *See Penske Truck Leasing, Co. LP*, 2019 U.S. Dist. LEXIS 250839, at *4 ("As for prejudice to Defendants,

Plaintiff argues there is none because Defendants are aware of her identity [], and the Court agrees. Neely does not identify any potential difficulty with conducting discovery, impeaching Plaintiff's credibility, or preparing for trial, and presumably Penske is in possession of any pertinent employment records"). *See also Doe v. Univ. of the South*, No. 4:09-cv-62, Doc. 21, at Page ID # 141 (E.D. Tenn. Aug. 7, 2009) (discussing how prejudice could result from if a party is hindered in its "ability to conduct meaningful discovery, impeach John Doe's credibility, or prepare for trial"); *see also Doe v. Mich. Dep't of Corr*., No. 13-14356, 2014 WL 2207136, at *10 (E.D. Mich. May 28, 2014) (ordering limited disclosure so discovery could proceed, but allowing use of pseudonyms in public filings, where prison official defendants were unaware of inmate plaintiffs' actual identities).

Additionally, unlike *Ramsbottom*, the incidents that gave rise to the claims occurred within the past three years, and any potential witnesses to this litigation are industry personnel known at least as equally to all parties and are likely more accessible to Defendants than Plaintiff.

In the totality of the circumstances, the fundamental fairness of proceeding weighs in favor of Plaintiff proceeding anonymously.

### C. Public identification would increase Plaintiff's risk of interference with her mental health treatment and recovery.

Identification would put Plaintiff at risk of suffering further physical or mental injury. Plaintiffs alleging mental harm must "base their allegations … on more than just mere speculation" and provide some "link between public disclosure of plaintiff's name and the described psychological risk." *Ramsbottom*, 2021 U.S. Dist. LEXIS 119989, at *16-17 (quoting *Rapp*, 537 F. Supp. 3d at 528-29, holding that the question is how would disclosing the plaintiff's name retrigger the psychiatric trauma symptoms since sexual assault undoubtedly

can have lasting, damaging consequences on a person's emotional or mental health). This Court has previously allowed a plaintiff to proceed anonymously where the plaintiff alleged sexual assault and harassment in her workplace and subsequent retaliation after she complained of such sexual abuse. *Doe v. New Aspen Mgmt. LLC*, No. 3:20-cv-125, Doc. 13 (M.D. Tenn. Mar. 9, 2020).

Revealing Plaintiff's identity would cause additional mental, emotional, and/or physical harm, as well as further retaliation in the community. Plaintiff survived repeated sexual abuse by Allen because she wanted to maintain her job, and Defendants took advantage of her vulnerability. Compl. ¶¶ 27-51. As a direct and proximate result of Defendants' conduct, Plaintiff suffered not only serious mental and/or emotional harm, but also physiological harm as she collapsed while working with Allen and was transported to the emergency room where she was advised by the doctor to "run" and get far away from Allen. *Id.* ¶ 51. *See also* Doe Decl., ¶¶ 2-17. Doe is currently in intensive weekly therapy for the trauma caused by Defendants' abuse. Her mental health therapist opines that disclosure of Plaintiff's identity will interfere with her recovery and cause secondary trauma, including re-traumatization of her PTSD. Porter Decl., ¶¶ 10-13.

Furthermore, as stated above, Plaintiff was terminated from her position by WBM and Bowers for complaining about the constant sexual abuse. Compl. ¶¶ 52-60. Despite this litigation, Defendants remain as industry leaders with the ability to affect Plaintiff's career and future opportunities as an artist manager. Doe Decl., ¶¶ 4, 11-13, 15. Publicly identifying Plaintiff not only would retrigger the psychiatric and/or physical trauma symptoms but would trigger the fear of further retaliatory harm to Plaintiff's professional career. Doe Decl., ¶¶ 10-

17. As such, the risk and fear of further injury to and retaliation against Plaintiff are not speculative but immediate and real.

### D. Anonymity is in the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

Plaintiff's request for anonymity is not only justified but also supported by the public interest. Generally, this Court has found this factor to be in favor of the defendants. *See Fedex Ground Package Sys.*, 2021 U.S. Dist. LEXIS 209324, at *27-28. However, the public also has an interest in protecting those who make sexual assault allegations so that they are not deterred from vindicating their rights. *Ramsbottom*, 2021 U.S. Dist. LEXIS 119989, at *22.

As a matter of public policy, requiring Plaintiff to publicly disclose her name will deter other victims of sexual misconduct of public figures from coming forward and enable public figures to take advantage of and continue to harm others without fear of prosecution. On the contrary, allowing Plaintiff to proceed anonymously will encourage other survivors of sexual misconduct to come forward without the risk of humiliation, harassment, retaliation, and unwanted public attention. As such, the public has a strong interest in protecting the identity of Plaintiff, ensuring open access to proceedings without denying them access to the justice system. Thus, this factor also favors anonymity.

### III. CONCLUSION

For the foregoing reasons, Plaintiff has established a privacy right so substantial as to outweigh the ordinary presumption of judicial openness and respectfully requests that the Court grant her motion to proceed anonymously.

Dated: August 4, 2023                                JANE DOE, Plaintiff

By: */s/ Yujin Choi*
Yujin Choi (admitted *pro hac vice*)
FEGAN SCOTT LLC
2301 Blake St. Ste. 100

Denver, CO 80205
Ph: 720.994.8420
Fax: 312.264.0100
yujin@feganscott.com

Elizabeth A. Fegan (admitted pro hac vice)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

John Spragens
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
Ph: (615) 983-8900
Fax: (615) 682-8533
john@spragenslaw.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2023, a copy of the foregoing Plaintiff's Memorandum in Support of Motion for Protective Order to Proceed under a Pseudonym was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record; and copies were furnished by U.S. Mail to counsel who were not provided a copy by the CM/ECF system:

Jonathan Cole, TN BPR No. 016632
Katelyn R. Dwyer, TN BPR No. 039090
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Ave., Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
jcole@bakerdonelson.com
kdwyer@bakerdonelson.com

*Attorneys for Defendant Jimmie Allen*

Samuel D. Lipshie (TN BPR No. 009538)
Aubrey B. Harwell, III (BPR # 17394)
William J. Harbison II (BPR # 33330)
Olivia R. Arboneaux (BPR # 40225)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713
tharwell@nealharwell.com
jharbison@nealharwell.com
oarboneaux@nealharwell.com

*Attorneys for Defendant Ash Bowers*

John P. Rodgers (TN BPR No. 030324)
Caroline D. Spore (BPR No. 036214)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
T: (615) 244-2582
F: (615) 252-6380
E: slipshie@bradley.com
E: jrodgers@bradley.com
E: cspore@bradley.com

*Attorneys for Defendant Williams Bowers Management, LLC*

/s/ Yujin Choi
Yujin Choi