UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-cv-00477 |
| | ) | |
| WILLIAM BOWERS MANAGEMENT, LLC | ) | Judge Campbell |
| d/b/a WIDE OPEN MUSIC, ASH BOWERS, | ) | Magistrate Judge Frensley |
| JIMMIE ALLEN, and JOHN DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT BOWERS' MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Ash Bowers respectfully moves the Court for entry of an Order dismissing all claims against him with prejudice. As explained more fully in the accompanying Memorandum, the Court should grant this Motion for multiple reasons:

*First*, the Court should dismiss Plaintiff's claim for participation in a commercial sex-trafficking venture (Count II) against Defendant Bowers because: (1) Plaintiff fails to allege facts showing Defendant Bowers knowingly participated in a commercial "sex-trafficking venture"; (2) Plaintiff fails to demonstrate that Defendant Bowers knew or should have known that Allen was allegedly engaged in a commercial "sex-trafficking venture"; and (3) Plaintiff has not plausibly alleged Defendant Bowers "knowingly benefitted" from a commercial "sex-trafficking venture."

*Second*, many of Plaintiffs allegations concern events that occurred well beyond the one-year statute of limitations; all conduct that predates May 11, 2022, is therefore time-barred.

***Third***, Plaintiff's negligence-based claims (Counts VI, VII, VII, and X) fail as a matter of law because: (1) Defendant Bowers did not owe any common law duty to protect Plaintiff from Allen's alleged sexual abuse, which was not reasonably foreseeable; (2) Defendant Bowers did not owe any duty to train or educate Plaintiff about how to avoid Allen's alleged sexual misconduct; and (3) Plaintiff does not have a cognizable claim for negligent supervision of Allen.

***Fourth***, Plaintiff's claim for Intentional Infliction of Emotional Distress ("IIED") fails as a matter of law because Defendant Bowers' alleged conduct is not sufficiently outrageous to state a claim for relief.

Accordingly, the Court should grant Defendant Bowers' Motion and dismiss Plaintiff's Complaint against him with prejudice.

Dated: August 8, 2023 Respectfully submitted,

**NEAL & HARWELL, PLC**

/s/ *William J. Harbison II*
Aubrey B. Harwell, III (BPR # 17394)
William J. Harbison II (BPR # 33330)
Olivia R. Arboneaux (BPR # 40225)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713
tharwell@nealharwell.com
jharbison@nealharwell.com
oarboneaux@nealharwell.com

*Counsel for Defendant Bowers*

# CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2023, a true and correct copy of the foregoing has been served on the following via the Court's electronic filing system:

| ***Counsel for Plaintiff:*** | ***Counsel for Defendant WBM:*** |
|---|---|
| FEGAN SCOTT LLC<br>Elizabeth A. Fegan (admitted *pro hac vice*)<br>130 S. Wacker Drive, 24th Floor<br>Chicago, IL 60606<br>(312) 264-0100<br>beth@feganscott.com<br><br>Yujin Choi<br>2301 Blake Street, Suite 100<br>Denver, CO 80205<br>yujin@feganscott.com<br><br>SPRAGENS LAW PLC<br>John T. Spragens (BPR # 31445)<br>311 22nd Ave. N.<br>Nashville, TN 37203<br>(615) 983-8900<br>john@spragenslaw.com | BRADLEY ARANT BOULT CUMMINGS LLP<br>Samuel D. Lipshie (BPR # 9538)<br>John P. Rodgers (BPR # 30342<br>Caroline D. Spore (BPR # 36214)<br>1600 Division Street, Suite 700<br>P.O. Box 340025<br>Nashville, TN 37203<br>(615) 252-2332<br>slipshie@bradley.com<br>jrodgers@bradley.com<br>cspore@bradley.com |
| ***Counsel for Defendant Allen:***<br><br>BAKER DONELSON<br>Jonathan J. Cole (BPR # 16632)<br>Katelyn R. Dwyer (BPR # 39090)<br>1600 West End Ave., Suite 2000<br>Nashville, TN 37203<br>(615) 726-7335<br>jcole@bakerdonelson.com<br>kdwyer@bakerdonelson.com | |

                                                        /s/ William J. Harbison II
                                                        William J. Harbison II