IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-00477 |
| ) | Judge Campbell |
| WILLIAMS BOWERS MANAGEMENT ) | Judge Frensley |
| LLC D/B/A WIDE OPEN MUSIC, ASH ) | |
| BOWERS, JIMMIE ALLEN, and ) | |
| JOHN DOES 1-100, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**I.     INTRODUCTION**

Plaintiff Jane Doe is the former Day-to-Day Manager for Defendant Jimmie Allen, a multi-platinum recording artist and songwriter in country music. Docket No. 1, p. 1. Defendant Wide Open Music ("WBM"[1])—a Nashville-based artist management company founded by Defendant Ash Bowers—represented Mr. Allen as a client and employed Ms. Doe as his Day-to-Day Manager. *Id.* In May 2023, Ms. Doe filed this suit against WBM, Mr. Bowers, and Mr. Allen, alleging that Mr. Allen "manipulated and used his power over [Ms. Doe]'s job to sexually harass and abuse her," and that when she disclosed this information to Mr. Bowers in her request to be reassigned, "[WBM] placed [Ms. Doe] on leave and then fired her on October 26, 2022." *Id.* at 1–2.

Pending before the Court are Ms. Doe's "Plaintiff's Motion for Leave to File Plaintiff's Unredacted Declaration Under Seal" (Docket No. 34) and her "Unopposed Motion for Leave to

---

[1] Wide Open Music is the trade name for Williams Bowers Management, LLC. Ms. Doe refers to this Defendant in her Complaint as "WOM" (an acronym for Wide Open Music), but for purposes of this Order, the Court will refer to this Defendant as "WBM" (an acronym for Williams Bowers Management, LLC).

File Plaintiff's Second Unredacted Declaration Under Seal" (Docket No. 51).[2] The Defendants do not oppose filing these Declarations under seal.

Also pending before the Court is Mr. Allen's "Defendant Jimmie Allen's Motion for Leave to File Exhibits Under Seal" (Docket No. 46). Neither Ms. Doe nor the other Defendants oppose filing these exhibits under seal.

For the reasons set forth below, Ms. Doe's Motions (Docket Nos. 34, 51) and Mr. Allen's Motion (Docket No. 46) are **GRANTED**.

## II. LAW AND ANALYSIS

### A. Motions to Seal

Courts have considerable discretion in managing their records. *See In re Knoxville News-Sentinel Co., Inc. v. Knoxville Journal Corp.*, 723 F.2d 470, 473 (6th Cir. 1983). "The courts have long recognized, [however], a strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). When deciding a motion to seal, the Court weighs the "presumptive right of the public to inspect" judicial material with the interests of privacy. *In re Knoxville News*, 723 F.2d at 473–74.

### B. Ms. Doe's Motions to Seal (Docket Nos. 34, 51)

Ms. Doe seeks to file two Declarations under seal (Docket Nos. 32-1, 50-1). These Declarations include details about Ms. Doe's mental health and her allegations against the Defendants. Docket Nos. 32-1, 50-1. The only redactions she seeks to make on these Declarations are her name and her signature. Docket No. 34, p. 4.

The Court finds that Ms. Doe's privacy interests clearly outweigh the presumptive right of the public to inspect these Declarations. In making this determination, the Court notes the

---

[2] The latter Motion (Docket No. 51) incorporates the arguments set forth in Ms. Doe's first Motion (Docket No. 34).

significance of Ms. Doe's privacy and safety concerns, given that this case has received a great deal of public interest and attention due to Mr. Allen's status as a celebrity defendant. *See, e.g.*, Docket No. 45-1 (Variety article entitled "Country Star Jimmie Allen Sued for Assault and Sexual Abuse by Former Manager"). The details outlined in Ms. Doe's Declarations involve "highly sensitive and personal subjects" such as rape and sexual harassment, and the Court recognizes Ms. Doe's legitimate concern that connecting her real name to these Declarations will set back the progress she has made in her mental health treatment. Docket No. 34, p. 3 (quoting *Doe v. FedEx Ground Package System, Inc.*, No. 3:21-cv-00395, 2021 U.S. Dist. LEXIS 209324, 2021 WL 5041286, at *17 (M.D. Tenn. Oct. 29, 2021)). Taken in the aggregate, the evidence Ms. Doe has presented to the Court demonstrates that "she has been severely traumatized and would be further traumatized, not simply by pursuing litigation, but by having her name associated publicly with this case." *Id.* at *9.

Additionally, the Court finds that filing unredacted versions of these Declarations under seal is narrowly tailored to meet the needs of sealing. *See Shane Grp.*, 825 F.3d at 305 (explaining that the seal must be narrowly tailored to meet the needs of sealing). Ms. Doe seeks to file just two documents under seal, and the only redactions made on these documents are her name and her signature. Docket No. 34, p. 4. The public may also access the redacted versions of these Declarations, which have been filed with Ms. Doe's Motion to proceed under a pseudonym (Docket No. 32-1) and Ms. Doe's Reply to the Defendants' Responses in Opposition (Docket No. 50-1). As a result, filing these documents under seal will both protect Ms. Doe's privacy interests and uphold the "presumptive right of the public to inspect" these judicial materials. *In re Knoxville News*, 723 F.2d at 473–74.

Accordingly, Ms. Doe's Motions (Docket Nos. 34, 51) are **GRANTED**.

### C. Mr. Allen's Motion to Seal (Docket No. 46)

Mr. Allen seeks to file two exhibits under seal: Exhibit 2 and Exhibit 3. *See* Docket No. 47. Exhibit 2 is a screenshot of Ms. Doe's Instagram page, and Exhibit 3 is a screenshot of Ms. Doe's LinkedIn page. Docket No. 46, p. 1. While Mr. Allen opposes Ms. Doe's use of a pseudonym, he states that as long as Ms. Doe is proceeding pseudonymously, "good cause exists to file any document containing her identifying information under seal." *Id.*

Since Mr. Allen filed this Motion, the Court has granted Ms. Doe's Motion to proceed pseudonymously (Docket No. 32). As a result, she is permitted to proceed under the pseudonym "Jane Doe" in this matter, and her real name will not be listed in any public filing. Because Exhibit 2 and Exhibit 3 contain Ms. Doe's real name, the Court finds that these exhibits should be filed under seal

Accordingly, Mr. Allen's Motion (Docket No. 46) is **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, Ms. Doe's Motions (Docket Nos. 34, 51) and Mr. Allen's Motion (Docket No. 46) are **GRANTED**.

**IT IS SO ORDERED.**

_____
Jeffery S. Frensley
United States Magistrate Judge

4

Case 3:23-cv-00477   Document 60   Filed 11/07/23   Page 4 of 4 PageID #: 461