## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3: 2023-cv-00477 |
| v. | ) |
| | ) |
| WILLIAMS BOWERS MANAGEMENT, | ) JUDGE CAMPBELL |
| LLC D/B/A WIDE OPEN MUSIC, ASH | ) MAGISTRATE JUDGE FRENSLEY |
| BOWERS, JIMMIE ALLEN, and | ) |
| JOHN DOES 1-100, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL OF RECORD

Plaintiff Jane Doe responds to the Motion to Withdraw as Counsel of Record filed by Jonathan Cole and Katelyn R. Dwyer and the law firm of Baker Donelson Bearman Caldwell & Berkowitz, P.C. (collectively, "Movants"), seeking to withdraw as counsel for Defendant Jimmie Allen ("Motion to Withdraw"). ECF 64.

### INTRODUCTION

In just over a year, since November 2022, Defendant Jimmie Allen ("Allen") has gone through three different law firms. Notwithstanding his representation by these three firms, Allen has failed to produce the most basic information sought in discovery. The parties are facing a written discovery deadline of December 29, 2023, and a close of discovery deadline of February 16, 2024. Plaintiff served discovery requests on Allen in September 2023 and has yet to receive responses or objections. Despite Plaintiff's repeated requests for updates, Movants disclosed for the first time on December 21, 2023 that they have collected certain ESI or other information from Allen but do not intend to produce it before withdrawal. Given the impending deadlines, Plaintiff

will be prejudiced if counsel is permitted to withdraw. Plaintiff thus respectfully requests that this Court deny the Motion to Withdraw without prejudice to be refiled after the completion of written discovery and the production of responsive documents collected by Movants. Alternatively, Plaintiff respectfully requests that this Court grant the Motion to Withdraw upon the conditions that Movants (i) disclose the sources from which they collected ESI or other documents from Allen, (ii) disclose the sources which were not available to them, (iii) disclose the sources which were not preserved by Allen, and (iv) produce the responsive documents from the ESI and documents which they have collected to date.

## FACTS

In November 2022, Plaintiff's counsel served a letter on Allen, requesting that Allen preserve relevant documents and information and inviting him to engage in pre-suit discussions, and Allen responded through attorneys at Frost Brown Todd LLP. *See* Declaration of Elizabeth A. Fegan ("Fegan Decl."), ¶ 2. Later, in May 2023, just before the filing of this lawsuit, Plaintiff's counsel received a voicemail and an email from attorney Andrew Brettler from Berk Brettler LLP stating that he represented Jimmie Allen. Fegan Decl., ¶ 3. Plaintiff's counsel had several communications with Attorney Brettler. *Id*. On May 11, 2023, Plaintiff filed her Verified Complaint [ECF 1], and on July 13, 2023, Movants filed their appearances as counsel of record for Allen, thereby becoming the third law firm to represent him. ECF 25, 26.

Thereafter, Plaintiff's counsel and Movants engaged in multiple meet and confers to discuss the preservation and collection of Allen's ESI. Fegan Decl., ¶¶ 5-6, 9, 11-12. For example, on July 18, 2023, the parties attended a meet and confer to discuss case management and ESI protocol. During this meeting, they discussed dates to be included in the Proposed Initial Case Management Order [ECF 28], as well as sources of ESI of both parties. Fegan Decl., ¶ 5. On July

19, 2023, Plaintiff provided Movants a list of Allen's ESI sources to be preserved and collected for production, including four phone numbers and three email addresses, with the caveat that Allen likely had numerous additional phone numbers, email addresses, and aliases. Plaintiff's counsel also noted that information had been deleted or removed from public view on Allen's social media and requested that Counsel for Allen confirm it had been preserved. Fegan Decl., ¶ 6, Ex. A.

On July 21, 2023, the Court entered an Initial Case Management Order [ECF 30] setting deadlines for discovery and pre-trial motions. In particular, written discovery must be served by December 29, 2023, with the close of discovery on February 16, 2024.

On September 15, 2023, Plaintiff served Plaintiff's First Requests for Production to Defendant Jimmie Allen. On September 23, 2023, Plaintiff served Plaintiff's First Set of Interrogatories to Defendant Jimmie Allen. Fegan Decl., ¶¶ 7-8, Exs. B and C.

On October 2, 2023, Plaintiff's counsel also met with Movants at the courthouse before an initial case management conference in a similar case against Allen, No. 3:23-CV-00582. While waiting for the conference to begin, Plaintiff's counsel again inquired of Movants as to the status of collection and preservation of Allen's ESI and the methods for searching and identification of relevant documents. Movants again responded that they had not yet had the opportunity to collect any information as their client was very busy. Fegan Decl., ¶ 9.

On October 12, 2023, Movants requested a 30-day extension of time for Allen's responses to Plaintiff's discovery requests. Fegan Decl., ¶ 10, Ex. D. On October 13, 2023, Plaintiff requested a meet and confer given that Plaintiff never received confirmation from Allen's former or current counsel that relevant ESI had been preserved and/or collected. Fegan Decl., ¶ 11, Ex. D.

On October 16, 2023, Plaintiff's counsel and Movants met and conferred regarding Allen's request for extension, given that such extension would further delay the parties' discussions in regard to Administrative Order 174-1, which mandates a mutual exchange and discussion of ESI including data custodians and sources. Administrative Order 174-1(2)(a)-(e). Movants indicated that they were not in the position to discuss ESI during this meeting because they had not yet had a conversation with Allen or collected documents from him. Plaintiff agreed to a 30-day extension to respond to discovery requests, with a new deadline of November 15, 2023, provided that the parties would contemporaneously engage in discussions regarding ESI, including a list of search terms pursuant to Administrative Order No. 174-1(6). Fegan Decl., ¶ 12.

Movants did not serve any responses or objections to Plaintiff's requests for production or interrogatories by the extended due date. Fegan Decl., ¶ 13. Nor did Movants disclose information requested and required pursuant to Administrative Order No. 174-1.

With the impending deadline of December 29, 2023 for service of written discovery and no communication from Movants regarding Allen's discovery responses, on December 19, 2023, Plaintiff requested a meet and confer with all parties to discuss the status of discovery and scheduling. Fegan Decl., ¶ 14. On December 20, 2023, Movants advised Plaintiff that they would be moving to withdraw and that substitute counsel was not yet known. Plaintiff requested that Movants nonetheless participate in the meet and confer given the current posture of the case. Fegan Decl., ¶ 15, Ex. E.

On December 21, 2023, prior to the meet and confer, Counsel for Allen requested Plaintiff's position regarding their Motion to Withdraw as Counsel. Plaintiff indicated her objection to the Motion based on the pattern of Allen substituting counsel and concerns regarding preservation and/or spoliation of ESI. Fegan Decl., ¶ 16, Ex. E.

4

During the meet and confer, Movants filed their motion to withdraw. Movants also advised for the first time that they had used a vendor to collect ESI from two of Allen's cell phones. Movants stated that the vendor is storing the ESI until Allen retains new counsel. Plaintiff inquired as to the full scope of ESI preserved, but Plaintiff remains uncertain whether all relevant ESI have been preserved and/or collected from Allen, including the phone numbers and email addresses identified on July 19, 2023. Fegan Decl. ¶ 17.

As of filing this Response, Allen still has not responded to or provided any information pursuant to any of Plaintiff's discovery requests. As such, whether or to what extent Allen has preserved and/or collected ESI is unknown.

**ARGUMENT**

Local Rule 83.01(g) provides, in pertinent part: "Ordinarily counsel will not be allowed to withdraw if such withdrawal will delay trial or other pending matters in the case." Under this rule, and similar rules across the nation, courts generally deny motions to withdraw made on the eve of discovery deadlines. *See, e.g., Iron Workers Dist. Council v. K-Cor, LLC*, No. 3:14-cv-368, 2015 U.S. Dist. LEXIS 177780, at *2 (S.D. Ohio Nov. 13, 2015) (denying motion to withdraw without prejudice to refile, explaining that "[t]he Court is inclined to reconsider a motion to withdraw only after the December 11, 2015 discovery deadline."); *McCaul v. First Mont. Bank, Inc.*, No. CV 17-41-BU-BMM-JCL, 2018 U.S. Dist. LEXIS 185794, at *4 (D. Mont. Oct. 30, 2018) (denying motion to withdraw because "allowing Counsel to withdraw with the discovery and motions deadlines looming and trial just a few months away would prejudice the parties, hinder the administration of justice, and delay the ultimate resolution of the case…."); *Acosta v. Los Compadres MT. Juliet, Inc.*, No. 3:18-cv-022, 2018 U.S. Dist. LEXIS 246465, at *4 (M.D. Tenn. Sept. 17, 2018) (finding that withdrawal of defendant's attorney prior to completion of pending

discovery would result in unfair and severe prejudice to parties and thus conditionally granting withdrawal effective at the conclusion of scheduled depositions); *Lotus Indus., LLC v. City of Detroit*, No. 2:17-cv-13482, 2019 U.S. Dist. LEXIS 166564, at *2-3 (E.D. Mich. Sept. 27, 2019) (denying motion to withdraw that was filed a week before the discovery deadline as it would be severely prejudicial to the other party); *Arnett v. Domino's Pizza*, No. 01-2149, 2006 U.S. Dist. LEXIS 117350, at *12 (W.D. Tenn. Oct. 19, 2006) (denying renewed motion to withdraw because allowing withdrawal, especially so close to the trial date, would greatly prejudice parties). *See also Prescott v. Louisville Ladder, Inc.*, No. 3:16-cv-00240, 2016 U.S. Dist. LEXIS 177451, at *2 (M.D. Tenn. Dec. 22, 2016) (while plaintiff's counsel was permitted to withdraw, the magistrate judge recommended that the case be dismissed with prejudice as a discovery sanction for plaintiff's failure to respond to discovery requests).

Here, Allen has a track record of moving through attorneys. These tactics are part of Allen's continuing pattern of conduct to forestall Plaintiff's right to gather discovery to pursue her claims. While Plaintiff has no reason to place blame on Movants (as opposed to Allen), on numerous occasions over the last six months, Movants have alluded to the difficulty of collecting Allen's ESI. And, to date, Allen has not responded or objected to Plaintiff's discovery requests which were served more than three months ago. Yet only recently, Movants disclosed on December 21, 2023 that they recently collected *some* ESI from Allen, and the scope of that collection is unclear. Moreover, Movants stated that the ESI would sit with an unnamed vendor until an unnamed future counsel appeared in the litigation for Allen.

Given the severe prejudice to Plaintiff given the pending deadlines and Movants' lack of disclosure regarding the scope of ESI as required by Administrative Order No. 174-1, Plaintiff requests that this Court either deny the motion to withdraw without prejudice until written

discovery is completed or require Movants to (i) disclose the sources from which they collected ESI or other documents from Allen, (ii) disclose the sources which were not available to them, (iii) disclose the sources which were not preserved by Allen, and (iv) produce the responsive documents from the ESI and documents which Movants have collected to date. Without this information, Plaintiff is unable to diligently prosecute her claims, meet the Court's current deadlines, or adequately prepare for depositions.

**CONCLUSION**

Plaintiff respectfully requests that this Court deny the Motion to Withdraw without prejudice to be refiled after the completion of written discovery and the production of responsive documents collected by Movants. Alternatively, Plaintiff respectfully requests that this Court grant the Motion to Withdraw upon the conditions that Movants first (i) disclose the sources from which they collected ESI or other documents from Allen, (ii) disclose the sources which were not available to them, (iii) disclose the sources which were not preserved by Allen, and (iv) produce the responsive documents from the ESI and documents which they have collected to date.

Dated: December 29, 2023

JANE DOE, Plaintiff

By: */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan (admitted *pro hac vice*)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Yujin Choi (admitted *pro hac vice*)
FEGAN SCOTT LLC
2301 Blake St. Ste. 100
Denver, CO 80205
Ph: 720.994.8420
Fax: 312.264.0100
yujin@feganscott.com

John Spragens
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
Ph: (615) 983-8900
Fax: (615) 682-8533
john@spragenslaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2023, Plaintiff's Response to Motion to Withdraw as Counsel of Record was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record; and copies were furnished by U.S. Mail to counsel who were not provided a copy by the CM/ECF system:

Jonathan Cole, TN BPR No. 016632
Katelyn R. Dwyer, TN BPR No. 039090
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1600 West End Ave., Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
jcole@bakerdonelson.com
kdwyer@bakerdonelson.com

*Attorneys for Defendant Jimmie Allen*

Aubrey B. Harwell, III (BPR # 17394)
William J. Harbison II (BPR # 33330)
Olivia R. Arboneaux (BPR # 40225)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713
tharwell@nealharwell.com
jharbison@nealharwell.com
oarboneaux@nealharwell.com

*Attorneys for Defendants Ash Bowers and
Williams Bowers Management, LLC*

*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan