IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL Action No. 3: 2023-cv-00477 |
| v. ) | |
| ) | |
| WILLIAMS BOWERS MANAGEMENT, ) | JUDGE CAMPBELL |
| LLC D/B/A WIDE OPEN MUSIC, ASH ) | MAGISTRATE JUDGE CHIP FRENSLEY |
| BOWERS, JIMMIE ALLEN, and ) | |
| JOHN DOES 1-100 ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF ELIZABETH A. FEGAN

I, Elizabeth A. Fegan, declare as follows:

1. I am a Managing Member of Fegan Scott LLC and counsel for Plaintiff in this case. I have full knowledge of the matters stated herein.

2. On November 22, 2022, I served a letter on Defendant Jimmie Allen ("Allen"), requesting him to preserve relevant documents and information and inviting him to engage in pre-suit discussions with Plaintiff. On November 29, 2022 and on December 8, 2022, Deborah Adams from Frost Brown Todd LLP responded on behalf of Allen.

3. On May 10, 2023, a day before filing this lawsuit, I received a voicemail and an email from attorney Andrew Brettler from Berk Brettler LLP stating that he represented Allen. I had several conversations and email exchanges with Mr. Brettler.

4. Since July 13, 2023, upon filing of appearance by Jonathan Cole and Katelyn Dwyer from Baker Donelson Bearman Caldwell & Berkowitz, P.C. ("Movants") as Allen's counsel of record, I engaged in multiple meet and confers with Movants regarding the preservation

and collection of Allen's electronically stored information (ESI).

5. On July 18, 2023, I attended a meet and confer to discuss the Proposed Initial Case Management Order [ECF 28] and ESI protocol. During this meeting, counsel for all parties agreed on dates to propose to the Court as well as sources of ESI to be collected by parties. I advised that Plaintiff has identified several phone numbers and email addresses of Allen that need to be preserved and collected, among others.

6. On July 19, 2023, I provided Movants by email a list of Allen's ESI sources to be preserved and collected for production, including four phone numbers and three email addresses, with the caveat that Allen likely had numerous additional phone numbers, email addresses, and aliases. I also noted that information had been deleted or removed from public view on Allen's social media and requested that Movants confirm it had been preserved. *See Exhibit A.*

7. On September 15, 2023, I served Plaintiff's First Requests for Production to Defendant Jimmie Allen. *Exhibit B.*

8. On September 23, 2023, I served Plaintiff's First Set of Interrogatories to Defendant Jimmie Allen. *Exhibit C.*

9. On October 2, 2023, I met with Movants at the courthouse before an initial case management conference in a similar case against Allen. While waiting for the conference to begin, I inquired of Movants as to the status of collection and preservation of Allen's ESI and the methods for searching and identification of relevant documents. Movants responded that they had not yet had the opportunity to collect any information as their client was very busy.

10. On October 12, 2023, Movants requested a 30-day extension of time for Allen's responses to Plaintiff's discovery requests. *Exhibit D.*

11. On October 13, 2023, I requested a meet and confer and indicated an inclination to

object to the request for extension of time for Allen's responses without further assurance and agreement with respect to the preservation and collection of ESI. *Id.*

12. On October 16, 2023, I met and conferred with Movants regarding their request for a 30-day extension, given that such extension would further delay the parties' discussion in regard to Administrative Order 174-1. Movants indicated that they were not in the position to discuss ESI during this meeting because they had not yet had a conversation with Allen or collected documents from him. I agreed to a 30-day extension to respond to discovery requests, with a new deadline of November 15, 2023, with the agreement that the parties would contemporaneously engage in discussions regarding ESI, including exchanging a list of search terms.

13. I have not yet been served with any responses or objections to Plaintiff's discovery requests by Allen.

14. On December 19, 2023, at my direction, Yujin Choi, an associate attorney, requested a meet and confer with all parties to discuss the status of discovery and scheduling.

15. On December 20, 2023, in response to this request, Movants advised that they will be moving to withdraw and that the substitute counsel was not yet known. At my direction, Ms. Choi requested that they participate in the meet and confer nonetheless given the current posture of the case. *Exhibit E*.

16. On December 21, 2023, hours before the meet and confer, Movants requested Plaintiff's position regarding their Motion to Withdraw as Counsel. I indicated my objection to the Motion based on the pattern of Allen substituting counsel and my concerns regarding preservation and/or spoliation of ESI. *Id.*

17. During the meet and confer, Movants filed the Motion to Withdraw. Movants also advised for the first time that they had used a vendor to collect ESI from two of Allen's cell phones.

Movants stated that this vendor is storing the ESI until Allen retains new counsel. I inquired as to the full scope of ESI preservation and collection, but I am uncertain that all relevant ESI have been preserved and/or collected from Allen, including Allen's phone numbers and email addresses identified on July 19, 2023.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: December 29, 2023         /s/ Elizabeth A. Fegan
                                 Elizabeth A. Fegan