# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3: 2023-cv-00477 |
| v. | ) |
| | ) |
| WILLIAMS BOWERS MANAGEMENT, | ) JUDGE CAMPBELL |
| LLC D/B/A WIDE OPEN MUSIC, ASH | ) MAGISTRATE JUDGE CHIP FRENSLEY |
| BOWERS, JIMMIE ALLEN, and | ) |
| JOHN DOES 1-100, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT JIMMIE ALLEN**

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff hereby requests that Defendant Jimmie Allen ("Allen") produce for inspection the documents and electronically stored information requested herein within 30 days of service.

**DEFINITIONS**

1. The singular includes the plural and vice versa; the terms "and" and "or" are both conjunctive and disjunctive; and the term "including" means "including without limitation."

2. The terms "any," "each," "the," "every," and "all" shall be construed to bring within the scope of these requests the broadest answer or response possible.

3. "Communication" and "Communications" are used in a comprehensive sense, and mean and include every conceivable manner or means of disclosure, transfer, transmittal, or exchange of oral, written, electronic, or other information, in the form of facts, ideas, inquiries, or otherwise, between or among one or more persons or entities, and include, without limitation, all documents, writings, correspondence, memoranda, messages, meetings, conversations,

discussions, conferences, agreements, e-mails, or other transmittal of information, whether face-to-face, by telephone, by mail, by facsimile, by computer, or otherwise, and further include, without limitation, all forms of electronic communications and messages.

4. "Complaint" means the operative Verified Complaint filed in the above-captioned lawsuit.

5. "Concerning," "regarding," "relate to," "relating to," "referring to," "refer to," or "showing" mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, explicitly or implicitly, or in any way logically or factually, in whole or in part, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

6. "Defendant," "you," and "your" refers to Defendant Jimmie Allen, unless otherwise specified.

7. "Document" or "Documents" shall have the broadest meaning and interpretation ascribed to the terms "documents" and "tangible things" under Fed. R. Civ. P. 34. Consistent with the above definition, the terms "document" or "documents" include any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, emails, text messages, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination including all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts,

analytical records, reports, or summaries of investigations, opinions, or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, including voicemails, text messages, or any other communications transmitted through cellular or landline phone systems, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and must include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, or persons acting on your behalf. Documents include any and all items stored on computer memories, hard disks, removable media, computer chips, online cloud-based collaborative resource, including but not limited to iCloud, Dropbox, and ShareFile, or in any other vehicle for digital data storage and/or transmittal. Documents should also include the file, folder tabs, and/or containers and labels appended to or associated with any physical storage device associated with each original and/or copy.

8. "Identify," with respect to natural persons means to give, to the extent known, the person's full name, present or last known address, the last known place of employment, last known employment title, and last known telephone number. When used in reference to other than a natural person, state its official name, any fictitious names under which it holds or has held itself out, its

3

organizational form, and its address and telephone number. Once a person has been identified in accordance with this paragraph, only the name of that person needs be listed in response to subsequent discovery requesting the identification of that person.

9. "Identify," with respect to Documents, means to give, to the extent known, the type of document, the general subject matter, the nature and substance thereof, the date it bears, the date it was prepared, the identity or identities of the author or authors thereof, the identity of each addressee, and the present location of the document. In lieu of identifying any document, identical copies thereof may be furnished. When used in reference to any act, state the event or events constituting such act, occurrence, occasion, transaction, or conduct, its location, the date and place thereof, the identity of the persons participating, present or involved, and the identity of any and all Documents that relate or refer in any way thereto (including Documents that have recorded, summarized, or confirmed, in whole or in part, the meeting, oral communications, conversation, or statement).

10. "Including" means "including, but not limited to."

11. "Person" means any natural person, firm, partnership, association, corporation, whether public or private, governmental agency or entity, joint venture, or any other form of business entity.

12. "Plaintiff" refers to Plaintiff Jane Doe.

## INSTRUCTIONS

1. All documents that exist in electronic format are to be produced in their native format, or in another mutually agreeable format that provides Plaintiffs with all metadata associated with such electronic documents and allows Plaintiffs to search and organize such electronic documents in a manner that is as effective and efficient as that enjoyed by the producing party. Even if an alternative format is agreed to by the parties for some documents, (i) all excel spreadsheets, PowerPoint presentations, or any other documents containing embedded data,

instructions, or notes should be produced in native format; and (ii) any documents which contain color should be produced in color regardless of production format. Production format shall not be a reason for delayed production.

2. All documents produced must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container unless it is not possible to do so. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document(s).

3. For any communication produced, any document referenced therein shall be produced.

4. If any document was, but is no longer, in Your possession or subject to Your control, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of, and, in each instance, explain the circumstances of such disposition, and state the approximate date thereof.

5. As used herein, reference to any entity, company, corporation, organization, and/or agency includes its former and present directors, members, partners, predecessors, subsidiaries, divisions, affiliates, committees, employees, staff, consultants, independent contractors, and/or actual and apparent agencies.

6. In the event that you claim a document is privileged, you shall provide a privilege log to Plaintiffs, pursuant to Fed. R. Civ. P. 26(b)(5). You shall produce privilege logs on a rolling basis and shall not delay the production of non-privileged documents because of the preparation of a privilege log. A privilege log for documents redacted on privilege or attorney work product grounds shall, however, generally be produced within fifteen (15) days of production of the

redacted materials. Privilege logs shall be produced in both PDF and Excel spreadsheet format, and shall contain at least the following information for each document withheld or redacted on the grounds of privilege or as asserted attorney work product: Bates range, date, applicable privilege, subject, and names associated with the document (with author, recipient, carbon copy recipient, and blind carbon copy recipient, if apparent from the document), and a description of the basis of the privilege.

7. The use of the singular form of any word includes the plural and vice versa. The masculine gender should be deemed to include the feminine or neuter, where the context or circumstances so require or permit. The past tense includes the present tense where the clear meaning is not distorted by a change of tense.

8. If you object to the production of any document, you must set forth the legal basis, the grounds for such objection, and a description of the document you are not producing pursuant to the objection with sufficient particularity so that a court could rule on the objection.

9. These Requests shall be deemed continuing so as to require the production of any additional responsive documents that you may become aware of between the time of your initial responses and the time of trial.

10. The time period covered by these Requests is January 2019 to the present unless otherwise specified.

**REQUESTS FOR PRODUCTION**

1. All documents reflecting any contracts, agreements, or scope of work between any Defendant, including Williams Bowers Management, LLC and/or Ash Bowers, and you.

2. Documents sufficient to identify all contracts or agreements that you contend were terminated or affected as a result of Plaintiff's allegations.

3. All documents and communications related to the termination of any of the contracts and/or agreements identified in response to Nos. 1 or 2 above.

4. All documents relating to Plaintiff.

5. All communications between you and Plaintiff.

6. All audio or video recordings in which Plaintiff can be seen or heard, or in which you speak to or about Plaintiff. This request includes personal recordings, recordings of events, and/or voicemail messages.

7. All photographs, audio recordings, or video recordings of you that you contend Plaintiff took of you or that you sent to Plaintiff.

8. All photographs of Plaintiff.

9. All documents or communications relating to any allegations concerning your conduct towards women, including but not limited to conduct that may be considered sexual harassment, sexual abuse, sexual assault, retaliation, or any other conduct towards women that was questioned. This request is not limited by time period.

10. All documents reflecting any non-privileged communications with Defendants or any third party regarding Plaintiff or her claims.

11. All financial records and documents relating to your earnings, spendings, compensation, and/or benefits relating to (i) the contracts and/or agreements with Williams Bowers Management, LLC or Ash Bowers; and (ii) any contract, relationship, or opportunity you contend was affected by Plaintiff's (or her counsel's) statements to Variety or this lawsuit.

12. All documents relating to your alleged damages.

13. All of your tax returns.

14. Documents sufficient to identify all persons retained by you to manage your money

or file your taxes.

15. Documents sufficient to identify all cell phones you have used during the relevant period.

16. All social media content (including but not limited to posts and direct messages) relating to Plaintiff, the allegations of the Complaint and/or any Defendants' Answer and Affirmative Defenses.

17. All statements, whether written, recorded, or transcribed, from persons who have knowledge or claim to have knowledge of the facts alleged in the Complaint and/or Defendants' Answer and Counterclaim.

Dated: September 15, 2023                          JANE DOE, Plaintiff

By: */s/ Elizabeth A. Fegan*
Elizabeth A. Fegan (admitted pro hac vice)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Yujin Choi (admitted pro hac vice)
FEGAN SCOTT LLC
2301 Blake St. Ste. 100
Denver, CO 80205
Ph: 720.994.8420
Fax: 312.264.0100
yujin@feganscott.com

John Spragens
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
Ph: (615) 983-8900
Fax: (615) 682-8533
john@spragenslaw.com

*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, a copy of the foregoing Plaintiff's First Requests for Production to Defendant Jimmie Allen was served by electronic mail, and copies were furnished by U.S. Mail to counsel who were not provided a copy via email:

Jonathan Cole, TN BPR No. 016632
Katelyn R. Dwyer, TN BPR No. 039090
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Ave., Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
jcole@bakerdonelson.com
kdwyer@bakerdonelson.com

*Attorneys for Defendant Jimmie Allen*

Samuel D. Lipshie (TN BPR No. 009538)
Aubrey B. Harwell, III (BPR # 17394)
William J. Harbison II (BPR # 33330)
Olivia R. Arboneaux (BPR # 40225)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713
tharwell@nealharwell.com
jharbison@nealharwell.com
oarboneaux@nealharwell.com

*Attorneys for Defendant Ash Bowers*

John P. Rodgers (TN BPR No. 030324)
Caroline D. Spore (BPR No. 036214)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
T: (615) 244-2582
F: (615) 252-6380
E: slipshie@bradley.com
E: jrodgers@bradley.com
E: cspore@bradley.com

*Attorneys for Defendant Williams Bowers Management, LLC*

　

*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan