# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3: 2023-cv-00477 |
| v. | ) |
| | ) |
| WILLIAMS BOWERS MANAGEMENT, | ) JUDGE CAMPBELL |
| LLC D/B/A WIDE OPEN MUSIC, ASH | ) MAGISTRATE JUDGE CHIP FRENSLEY |
| BOWERS, JIMMIE ALLEN, and | ) |
| JOHN DOES 1-100, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JIMMIE ALLEN**

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff hereby requests that Defendant Jimmie Allen ("Allen") answer the following interrogatories ("Interrogatories") within 30 days of service of these requests.

**DEFINITIONS**

1. The singular includes the plural and vice versa; the terms "and" and "or" are both conjunctive and disjunctive; and the term "including" means "including without limitation."

2. The terms "any," "each," "the," "every," and "all" shall be construed to bring within the scope of these requests the broadest answer or response possible.

3. "Communication" and "Communications" are used in a comprehensive sense, and mean and include every conceivable manner or means of disclosure, transfer, transmittal, or exchange of oral, written, electronic, or other information, in the form of facts, ideas, inquiries, or otherwise, between or among one or more persons or entities, and include, without limitation, all documents, writings, correspondence, memoranda, messages, meetings, conversations,

discussions, conferences, agreements, e-mails, or other transmittal of information, whether face-to-face, by telephone, by mail, by facsimile, by computer, or otherwise, and further include, without limitation, all forms of electronic communications and messages.

4. "Complaint" means the operative Verified Complaint filed in the above-captioned lawsuit.

5. "Concerning," "regarding," "relate to," "relating to," "referring to," "refer to," or "showing" mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, explicitly or implicitly, or in any way logically or factually, in whole or in part, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

6. "Defendant," "you," and "your" refers to Defendant Jimmie Allen, unless otherwise specified.

7. "Document" or "Documents" shall have the broadest meaning and interpretation ascribed to the terms "documents" and "tangible things" under Fed. R. Civ. P. 34. Consistent with the above definition, the terms "document" or "documents" include any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, emails, text messages, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination including all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports, or summaries of investigations, opinions, or reports of consultants,

opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, including voicemails, text messages, or any other communications transmitted through cellular or landline phone systems, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and must include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, or persons acting on your behalf. Documents include any and all items stored on computer memories, hard disks, removable media, computer chips, online cloud-based collaborative resource, including but not limited to iCloud, Dropbox, and ShareFile, or in any other vehicle for digital data storage and/or transmittal. Documents should also include the file, folder tabs, and/or containers and labels appended to or associated with any physical storage device associated with each original and/or copy.

8. "Identify," with respect to natural persons means to give, to the extent known, the person's full name, present or last known address, the last known place of employment, last known employment title, and last known telephone number. When used in reference to other than a natural person, state its official name, any fictitious names under which it holds or has held itself out, its organizational form, and its address and telephone number. Once a person has been identified in

3

accordance with this paragraph, only the name of that person needs be listed in response to subsequent discovery requesting the identification of that person.

9. "Identify," with respect to Documents, means to give, to the extent known, the type of document, the general subject matter, the nature and substance thereof, the date it bears, the date it was prepared, the identity or identities of the author or authors thereof, the identity of each addressee, and the present location of the document. In lieu of identifying any document, identical copies thereof may be furnished. When used in reference to any act, state the event or events constituting such act, occurrence, occasion, transaction, or conduct, its location, the date and place thereof, the identity of the persons participating, present or involved, and the identity of any and all Documents that relate or refer in any way thereto (including Documents that have recorded, summarized, or confirmed, in whole or in part, the meeting, oral communications, conversation, or statement).

10. "Including" means "including, but not limited to."

11. "Person" means any natural person, firm, partnership, association, corporation, whether public or private, governmental agency or entity, joint venture, or any other form of business entity.

12. "Plaintiff" refers to Plaintiff Jane Doe.

13. "Sexual abuse" means sexual or gender-related bullying, both verbal and physical, hazing, harassment, battery, assault, or other inappropriate conduct of a sexual nature.

# INSTRUCTIONS

1. Each response is to be set forth separately.

2. If, for any reason, an Interrogatory or part thereof cannot be answered in full after exercising due diligence to secure the information to do so, answer to the extent possible and state the reason for any inability to provide a complete answer.

3. If the answer to an Interrogatory or subparagraph of an Interrogatory is "none" or "unknown," the Interrogatory should be answered as such. If the question is applicable, the Interrogatory should be answered as such. If an answer is omitted because of the claim of privilege, identify the privilege asserted and state in detail sufficient facts to establish the basis for the privilege. For each Interrogatory with respect to which you assert a claim of privilege, state whether the information requested has ever been provided to any governmental body or any third-party other than you or your attorneys.

4. If you answer any Interrogatory by referring to Fed. R. Civ. P. 33(d), specify the exact business records that must be reviewed, in sufficient detail to enable Plaintiff to locate and identify them as readily as you, produce the business records in their native format or in another mutually agreeable format that provide Plaintiff with all meta data associated with such electronic document and allows Plaintiff to search and organize them in a manner that is as effective and efficient as that enjoyed by the producing party, and describe how examining, auditing, compiling, abstracting, or summarizing those business records would provide a complete answer to the Interrogatory in question. Even if an alternative format is agreed to by the parties for some documents, (i) all excel spreadsheets, PowerPoint presentations, or any other document containing embedded data, instructions, or notes should be produced in native format; and (ii) any document that contains color should be produced in color regardless of production format.

5. Whenever a date or figure is requested, give the exact date or figure and the basis for each figure. If the date or figure is unknown, give the approximate or best estimate, stating that the date or figure provided is an approximation.

6. Any ambiguity in interpreting an interrogatory, or a definition or instruction applicable thereto, is not a basis for refusing to respond. Instead, set forth as part of your response the language you believe is ambiguous and the interpretation you used when responding to the Interrogatory. This is not a waiver of Plaintiff's right to seek a full and complete answer to the Interrogatory.

7. If an answer to an Interrogatory is based on information and belief, specify and identify the source of information and the grounds for the belief.

8. As used herein, reference to any entity, company, corporation, organization, and/or agency includes its former and present directors, members, partners, predecessors, subsidiaries, divisions, affiliates, committees, employees, staff, consultants, representatives, agents, independent contractors, and/or actual and apparent agencies.

9. The obligation to answer these Interrogatories is continuing pursuant to Rule 26(e). If at any time after answering these Interrogatories you discover additional information that will make your answers to these Interrogatories more complete or correct, amend your answers as soon as reasonably possible.

10. The time period covered by these Interrogatories is February 2020 to the present unless otherwise specified.

# INTERROGATORIES

1. Identify the name and, if known, the address and telephone number of each individual likely to have discoverable information concerning the allegations of the Complaint and/or any Defendants' Answer, Affirmative Defenses and Counterclaims, along with the subject of that information.

2. Identify all companies or agencies with which you contracted or retained within the past 5 years and provide a detailed description of the relationship with each company or agency, including names, addresses, nature of the relationship, scope of contract, duties, dates, and financial arrangements. If the contract was terminated, provide a detailed account of the circumstances that led to the termination of each contract, including all communications relating to the termination.

3. Identify all complaints, grievances, or reports of sexual abuse or retaliation alleged against you, including the dates of each complaint, the individuals involved, persons affiliated with you with knowledge of each complaint, grievance or report, steps taken to address each complaint, grievance or report, and the outcome of any investigations.

4. Describe Plaintiff's assignment as your Day-to-Day manager, including the persons to whom Plaintiff reported, dates of hire, job duties, performance evaluations, and any instances of positive or negative feedback or reprimands.

5. Describe your relationship with Ash Bowers and Williams Bowers Management LLC, including the persons with which you worked, their roles, dates of your relationship, job duties, and any instances of positive or negative feedback or reprimands.

6. Describe your relationship with Wide Open Music, including the persons with which you worked, their roles, dates of your relationship, and job duties.

7

7. Identify and describe all communications with Ash Bowers or any other employees, agents, or representatives of Williams Bowers Management, LLC or Wide Open Music relating to sexual harassment, sexual abuse, or your treatment of women.

8. Identify and describe all work that You have performed for compensation from January 1, 2020 continuing through the date of trial, whether such work was as talent, an employee, independent contractor, partner, sole proprietor, or in some other capacity. As to each such work experience, state (i) the name of the person or entity for whom You worked; (ii) Your title or position, if any; (iii) a description of Your duties and responsibilities; (iv) the dates during which You performed such work, and if said work experience has ended, the reason(s) why; (v) Your rate of compensation; and (vi) a statement of the benefits You received and the payor of those benefits (including the amount that You pay for the benefits and the amount that Your employer pays for the benefits).

9. Identify all persons who had contemporaneous knowledge of your sexual interactions with Plaintiff, including but not limited to all persons who have personal knowledge regarding your contention that your sexual interactions with Plaintiff were consensual, the subject matter of their knowledge, the bases of their knowledge, and any personal or intimate interactions they witnessed.

10. Identify all video and audio recordings relating to Plaintiff (including the date, time and location each recording was taken), the current location of each copy, any persons with or to whom the recordings have been shared, sent or received (and the date and time of each), the manner of transmission (including the email or cell phone number, or other method of such communication). If any video or audio recordings have been destroyed, in addition to the information above, identify and describe the circumstances relating to the destruction.

8

Case 3:23-cv-00477   Document 65-4   Filed 12/29/23   Page 9 of 13 PageID #: 509

11. Identify all websites and social media accounts maintained by You or on Your behalf at any time from January 1, 2020, through the present, and for each account so listed, please provide the website address and/or the username associated with the website or account.

12. Identify all cell phones that You used at any time since January 1, 2020, including (a) the telephone number for that device, (b) the name of the carrier for that device, (c) the name of the account holder for that telephone line, (d) the account number for that telephone line, (e) any accounts to which the content of the cell phone was stored (e.g. icloud accounts), including user names, and (f) the current location of the device.

13. Identify all e-mail addresses that You used at any time since January 1, 2020.

14. Identify all physicians and other healthcare providers that You have seen for any mental or physical impairment or emotional harm that You claim to have sustained as a result of Plaintiff's alleged actions or omissions, and include the name and address of the physicians' or other healthcare providers' practice. For each person identified, please state the date(s) on which You saw such person, the diagnosis (if any) rendered by such person, the particular nature of the care or treatment provided to You, and the course of treatment (if any) prescribed for You.

15. Itemize the damages that You assert You are entitled to recover under your Counterclaim. For each such amount and category of damages, describe in detail how You derived that amount and all facts that You contend support Your claim to such amount.

16. State whether You contend that Plaintiff has made any statements against interest or admissions concerning the subject matter of this action or the facts and circumstances at issue herein. If so, state in specific detail the alleged statements or admissions, identify any documents or things referencing or evidencing the statements or admissions, identify any other persons who

witnessed the statements or admissions, and provide the date and location of the statements or admissions.

17. If you, your insurance carrier, private investigator, or any other person or entity is in possession of any written, oral or recorded statements by any party or person with personal knowledge relating to Plaintiff's allegations or your Counterclaim, indicate the date and time each statement was obtained, the name and address of each person who provided the statement, the contents of the statement, and the name and address of the current custodian of the statement.

18. Identify all other litigation in which you have been named a party since your eighteenth birthday, including, but not limited to, civil, criminal or administrative actions, identify the case or action by tribunal, case number, docket number or citation number, and indicate any pleas in the case(s) and the disposition of the matter(s).

Dated: September 23, 2023

JANE DOE, Plaintiff

By: /s/ *Elizabeth A. Fegan*
Elizabeth A. Fegan (admitted pro hac vice)
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Ph: 312.741.1019
Fax: 312.264.0100
beth@feganscott.com

Yujin Choi (admitted pro hac vice)
FEGAN SCOTT LLC
2301 Blake St. Ste. 100
Denver, CO 80205
Ph: 720.994.8420
Fax: 312.264.0100
yujin@feganscott.com

John Spragens
SPRAGENS LAW PLC
311 22nd Ave. N.
Nashville, TN 37203
Ph: (615) 983-8900

Fax: (615) 682-8533
john@spragenslaw.com

*Counsel for Plaintiff*

11

Case 3:23-cv-00477    Document 65-4    Filed 12/29/23    Page 12 of 13 PageID #: 512

# CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2023, a copy of the foregoing Plaintiff's First Set of Interrogatories to Defendant Jimmie Allen was served by electronic mail, and copies were furnished by U.S. Mail to counsel who were not provided a copy via email:

Jonathan Cole, TN BPR No. 016632
Katelyn R. Dwyer, TN BPR No. 039090
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Ave., Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
jcole@bakerdonelson.com
kdwyer@bakerdonelson.com

*Attorneys for Defendant Jimmie Allen*

Samuel D. Lipshie (TN BPR No. 009538)
Aubrey B. Harwell, III (BPR # 17394)
William J. Harbison II (BPR # 33330)
Olivia R. Arboneaux (BPR # 40225)
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
(615) 244-1713
tharwell@nealharwell.com
jharbison@nealharwell.com
oarboneaux@nealharwell.com

*Attorneys for Defendant Ash Bowers*

John P. Rodgers (TN BPR No. 030324)
Caroline D. Spore (BPR No. 036214)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
T: (615) 244-2582
F: (615) 252-6380
E: slipshie@bradley.com
E: jrodgers@bradley.com
E: cspore@bradley.com

*Attorneys for Defendant Williams Bowers Management, LLC*

*/s/ Elizabeth A. Fegan*
Elizabeth A. Fegan