| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-cv-00477 |
| | ) | |
| WILLIAMS BOWERS MANAGEMENT, LLC | ) | Judge Campbell |
| d/b/a WIDE OPEN MUSIC, ASH BOWERS, | ) | Magistrate Judge Frensley |
| JIMMIE ALLEN, and JOHN DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION AND PROTECTIVE ORDER

As evidenced by the signatures of counsel below, the parties stipulate that the following terms and provisions shall govern the production and use of certain documents, information, and evidence ("Produced Material") to be produced by the parties or any third party in connection with the above-captioned action (the "Litigation"):

1. This Agreed Protective Order shall govern certain designated information that is produced by any of the Parties in this action, whether produced (a) in response to formal or informal discovery requests, (b) in compliance with the Federal Rules of Civil Procedure, or (c) voluntarily in support of any claim or defense in this action, including, but not limited to, such information contained in documents, interrogatory responses, testimony (whether trial, deposition, or written declaration or affidavit), responses to requests for admission, expert reports, or other expert-related materials.

2. Any of the Parties may designate material or information disclosed or produced in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (collectively, "Protected Materials") if it is sensitive, confidential, and meets the additional requirements below.

3. "CONFIDENTIAL" information includes, but is not limited to, (a) information prohibited from disclosure by statute; (b) research, technical, commercial, or financial information that the party has maintained as confidential; (c) information protected under the Health Insurance Portability and Accountability Acts of 1996 ("HIPAA") medical records concerning any individual including but not limited to records of any physician, counselor, psychiatrist, psychologist, or social worker; (d) personal identity information and personal photographs; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (f) personnel or employment or educational records; (g) employment contracts, compensation data or information, and peer, supervisor, or student reviews or assessments; (h) expert reports insofar as they reference confidential materials, or (i) any other materials reasonably believed by the Producing Party to contain information that should be deemed confidential or highly personal and private.

4. "ATTORNEYS' EYES ONLY" information is any extremely sensitive "CONFIDENTIAL" information, disclosure of which to another party in this case would create a substantial risk of harm or unnecessary invasion of privacy that could not be avoided by less restrictive means.

5. Any of the Parties producing Protected Materials may designate such material or information by:

    a. With regard to documents, responses to discovery requests, and tangible objects, the producing Party may affix (as by writing, stamping, labeling, or the like) the term "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," depending on the designation, to the page or item containing or disclosing the confidential information.

    b. With regard to information disclosed at a deposition, the producing Party may designate such information as "CONFIDENTIAL" by so indicating on the record at

2

Case 3:23-cv-00477　　Document 72　　Filed 02/08/24　　Page 2 of 13 PageID #: 549

the deposition the testimony to which the designation applies, or by notifying the court reporter and all Parties to this action, within thirty (30) calendar days after receipt of the deposition transcript, of the portions of the testimony that should be designated "CONFIDENTIAL." During the 30-day period after receipt of the deposition transcript, the transcript should be treated as confidential unless otherwise agreed by the parties. At the producing Party's option, portions of a deposition transcript that have been designated "CONFIDENTIAL" may be bound separately from the rest of the transcript and marked as such. A producing Party has the right, at the deposition, to have deposition testimony containing "CONFIDENTIAL" information heard only by those permitted under this Protective Order to have access to such information.

    c.    Whenever possible, the producing Party must designate only those portions of a document, deposition, transcript, or other material that contain the protected information and refrain from designating entire documents.

6.    Protected Materials, including, but not limited to, summaries, abstracts, copies, indices, and exhibits, shall be used solely for purposes of this action and shall not be disclosed to anyone other than the persons permitted under this Protective Order.

7.    "CONFIDENTIAL" Materials, including, but not limited to, summaries, abstracts, copies, indices, and exhibits, shall not be made available and shall not be disclosed to anyone other than the following persons:

    a.    Outside counsel of record working on this action on behalf of any Party to this action, together with the assistants, secretaries, paralegals, other clerical personnel, and/or professional vendors who are actively assisting such counsel in the preparation of this action;

b. Court stenographers, court reporters, outside deposition video services, and their staff, and independent contractors and/or third parties engaged to record, transfer, and/or store video depositions;

c. E-discovery vendors, outside copy services, translators, and graphics or design services retained or engaged by such outside counsel in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action;

d. Mock jurors and jury or trial consulting services retained or engaged by such outside counsel in connection with their preparation of this action, and only to the extent necessary for such persons to carry out their duties in connection with this action, provided that such persons execute a confidentiality agreement;

e. Mediators who attempt to mediate this action (if any), together with their staff;

f. The Court and any person employed by the Court whose duties require access to "CONFIDENTIAL" information;

g. Outside experts and consultants retained, consulted, or specifically employed by any counsel or Party to this action in connection with the preparation, trial, or appeal of this action, together with the employees and assistants thereof ("Retained Experts");

8. The Parties to this lawsuit, including officers and directors of a Party to the limited extent necessary to facilitate the litigation of this action, "ATTORNEYS' EYES ONLY" materials shall not be made available and shall not be disclosed to anyone other than the individuals listed in subparagraphs 7(a)-(g) above.

9. Prior to disclosing Protected Materials to those individuals listed in subparagraphs 7(d), (e), and (g) above, the parties shall obtain a signed agreement (attached as Exhibit A) from the party to whom the Covered Information is to be disclosed. All such persons must sign the attached agreement (Exhibit A) before they are granted access to Covered Information. If multiple persons from a single company or firm are to be granted access to Covered Information, the signature of one will comply with this Protective Order and will bind all. Such agreements shall be retained by counsel throughout the course of this Litigation, including any appeals.

10. The restrictions and obligations of this Protective Order shall not apply to any information that (a) is public knowledge, (b) becomes public knowledge through no fault of any Party to this Protective Order other than the producing Party, or (c) comes into the possession of receiving parties through means other than the disclosure of such information in this action.

11. Notwithstanding the provisions of Sections 4 and 5 above, those persons identified on the face of a document or otherwise (such as through testimony) as the author, drafter, or addressee of the document, or identified as having authority to view the information contained therein, shall be permitted to view and have access to the particular document in question. In addition, those who have received a document or information before the commencement of this action shall be permitted to view and have access to the particular document or information. Further, those who have received a document or information during the pendency of this action through means that are independent of this action and are not in violation of this Protective Order shall be permitted to view and have access to the particular document or information.

12. Protected Materials may be shown to deponents and otherwise used in depositions and at a trial or hearing in this matter, so long as such use complies with the restrictions of this Protective Order, or otherwise complies with an order of the Court. If the receiving Party wishes

5

Case 3:23-cv-00477    Document 72    Filed 02/08/24    Page 5 of 13 PageID #: 552

to show Protected Materials to a deponent who is not otherwise permitted by this Protective Order to view such document, the receiving Party shall, in advance of the deposition, notify the producing Party of its request to use the document. Within three business days of the receiving Party's request, the producing Party shall inform the receiving Party whether it waives the restrictions placed on the use of the document by this Protective Order for the limited purpose of allowing the particular deponent to view the particular document for only so long as necessary, or objects to the use of the document at the deposition, in which case the receiving Party may seek Court permission to use the document at the deposition. While the parties should avoid late requests to use Protected Materials at the deposition of an individual who is not otherwise permitted by this Protective Order to view such a document, no Party shall prevent another from using Protected Materials at deposition absent a good faith, substantive basis for restricting the document's use.

13. Protected Materials and the information derived therefrom (including excerpts, summaries, extracts, compilations, and the like), shall be kept confidential by those who receive it, and it shall be maintained at a location and in a manner that ensures that access to the information will be limited to those persons entitled to have such access under this Protective Order. Notwithstanding the foregoing, the producing Party shall be free to do whatever it desires with its own information; provided, however, if the producing Party makes the document publicly available without restriction, the producing Party shall promptly notify the receiving Party and the "CONFIDENTIAL" restriction shall be removed therefrom.

14. If a producing Party, through inadvertence, provides materials or information that should have been designated as "CONFIDENTIAL," but fails to designate them as such at the time of production, the producing party may designate such materials as "CONFIDENTIAL" by providing (a) written notice to all parties that received the materials or information of the

inadvertent production, and (b) substitute copies of the materials marked, as appropriate, "CONFIDENTIAL;" or, in the case of deposition testimony, by causing the court reporter to re-issue transcripts designated in accordance with Section 3(b) above.

15. If a Party desires to file Protected Materials with the Court or to disclose in a court filing information designated as "CONFIDENTIAL," the Party shall take all steps required by the Court to file the materials or filing under seal. The Parties acknowledge that the decision to seal a document or filing is a matter for the Court's discretion, and it shall not be a violation of this Protective Order if the Court refuses to seal a document or filing, or later unseals a document or filing subject to this Protective Order. The Parties further acknowledge that designation as a document as Protected Materials does not, by itself, meet the requirements for sealing.

16. This Protective Order shall remain in full force and effect and shall continue to be binding on all Parties to this Order and affected persons after the conclusion of this action. When this action is finally concluded (including any appeals), all parties who received Protected Materials shall return such materials to the producing Party or destroy such materials within 45 days of the final conclusion of this action, which shall be at the non-producing Party's discretion.

17. Should a Party to this Protective Order be commanded or compelled to produce Protected Materials, as by subpoena, civil investigative demand, discovery request in a separate action, or similar compulsory process that subjects the recipient to sanctions unless complied with, the Party must (a) provide the producing Party with written or electronic notice and a copy of the compulsory process, and (b) forebear, to the extent reasonably feasible, producing such materials or information for at least five (5) business days after the producing Party's receipt of such written notice, interposing, if necessary, any reasonable objections, and providing, if necessary or prudent, a copy of this Protective Order to the person seeking to command or compel the materials or

information so that the producing Party may have an opportunity to intervene to protect its interests.

18. If any of the Parties believe that Protected Materials should not have been so designated, that Party may move to alter or remove the objectionable designation; provided, however, that counsel has first made a good-faith effort to resolve its objection with counsel for the producing Party. In connection with any motion challenging the designation of material or information, the producing Party shall have the burden of proof to support the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" nature of the material or information.

19. The use of materials or information subject to this Protective Order in open court is prohibited, absent written agreement by the Producing party or permission from the Court. A receiving Party who wishes to use material or information subject to this Protective Order in open court, other than at trial, shall inform the Producing party at least five business days prior to the court proceeding. If the Producing party does not agree to allow the materials or information to be used in open court, the Receiving party may seek the Court's permission to do so. The use of information subject to this Protective Order at trial shall be governed by a separate pre-trial agreement or order. This provision does not restrict the Producing party's use of its own information, or either Party's use of materials that have been publicly filed on the docket.

20. Nothing in this Protective Order shall prevent or otherwise restrict any counsel from rendering advice to that counsel's client who is presently a Party to this action, or from examining any witness, and in the course thereof, relying upon an examination of material or information subject to this Protective Order; provided, however, that in rendering such advice or examining the witness, the counsel shall not disclose the substance of such material or information to those not authorized hereunder to receive such material or information.

8
Case 3:23-cv-00477   Document 72   Filed 02/08/24   Page 8 of 13 PageID #: 555

21. Nothing in this Protective Order shall prevent a Party from seeking additional protection of its materials or information, or from seeking a modification of this Protective Order. This Protective Order is without prejudice to the rights of any Party or non-party to seek such additional or other relief relating to discovery as may be appropriate.

22. If a producing Party inadvertently discloses materials or information protected by the attorney-client privilege, the attorney work product doctrine, or other privilege or immunity from discovery, the producing Party may, within ten (10) business days upon discovery of the inadvertent disclosure, so advise, in writing, all Parties that received the materials or information and request that the materials or information be returned. If such a request is made, no Party receiving the same shall thereafter assert that the inadvertent disclosure waived any privilege or immunity from discovery. Further, any Party receiving such request shall return or destroy, within five (5) business days of receipt of such request, the materials and information so identified. If a Party discloses material or information in connection with the above-captioned litigation that the producing Party claims to be protected by the attorney-client privilege, the attorney work-product doctrine, or other privilege or immunity from discovery, the disclosure of that material or information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or protection that the producing Party would otherwise be entitled to assert with respect to the material or information and its subject matter.

23. If the producing Party reasonably believes that a requested document contains information protected by the attorney-client privilege, the attorney work product doctrine, or other privilege or immunity, the producing Party may redact such privileged and/or protected information from the document and provide a privilege log in accordance with the Federal Rules of Civil Procedure.

**AGREED TO AND APPROVED FOR ENTRY:**

Dated: February 7, 2024

| *Counsel for Plaintiff:* | *Counsel for Defendant Allen:* |
|---|---|
| **FEGAN SCOTT LLC** | **BAKER DONELSON** |
| /s/ *Elizabeth A. Fegan* | /s/ *Jonathan J. Cole* |
| Elizabeth A. Fegan (admitted *pro hac vice*) | Jonathan J. Cole (BPR # 16632) |
| 130 S. Wacker Drive, 24th Floor | Katelyn R. Dwyer (BPR # 39090) |
| Chicago, IL 60606 | 1600 West End Ave., Suite 2000 |
| (312) 264-0100 | Nashville, TN 37203 |
| beth@feganscott.com | (615) 726-7335 |
|  | jcole@bakerdonelsoncom |
| Yujin Choi (admitted *pro hac vice*) | kdwyer@bakerdonelson.com |
| 2301 Blake Street, Suite 100 |  |
| Denver, CO 80205 | **BRASSEL LAW PLLC** |
| yujin@feganscott.com |  |
|  | /s/ *Alandis Brassel* |
| **SPRAGENS LAW PLC** | Alandis K. Brassel (BPR # 34159) |
|  | 1033 Demonbreun Street, Suite 300 |
| John T. Spragens (BPR # 31445) | Nashville, TN 37203 |
| 311 22nd Ave. N. | (615) 258-8900 |
| Nashville, TN 37203 | alandis@brassel.law |
| (615) 983-8900 |  |
| john@spragenslaw.com |  |
| *Counsel for Defendants William Bowers Management, LLC and Ash Bowers:* |  |
| **NEAL & HARWELL, PLC** |  |
| /s/ *William J. Harbison II* |  |
| Aubrey B. Harwell III (BPR # 17394) |  |
| William J. Harbison II (BPR # 33330) |  |
| Olivia R. Arboneaux (BPR # 40225) |  |
| 1201 Demonbreun Street, Suite 1000 |  |
| Nashville, TN 37203 |  |
| (615) 244-1713 |  |
| tharwell@nealharwell.com |  |
| jharbison@nealharwell.com |  |
| oarboneaux@nealharwell.com |  |

**It is so ORDERED.**

Dated: February 8, 2024

_____
Hon. Jeffery S. Frensley
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-cv-00477 |
| | ) | |
| WILLIAMS BOWERS MANAGEMENT, LLC | ) | Judge Campbell |
| d/b/a WIDE OPEN MUSIC, ASH BOWERS, | ) | Magistrate Judge Frensley |
| JIMMIE ALLEN, and JOHN DOES 1-100, | ) | |
| | ) | |
|     Defendants. | ) | |

## EXHIBIT A

### ACKNOWLEDGEMENT AND AGREEMENT
### TO BE BOUND BY PROTECTIVE ORDER

    I, _____, have read and agree to be bound by, the Protective Order in the case captioned *Jane Doe v. William Bowers Management, LLC, et. al.* Case No. 3:23-cv-00477 in the United States District Court for the Middle District of Tennessee. As soon as my work in connection with that action has ended, but not later than 90 days after the termination of the action (including any appeals), I will return or destroy any documents that I received, or any copy of or excerpt from a document I received. Any documents retained for any valid reason under the provisions of the Protective Order will continue to be subject to this Order.

    I declare under Penalty of perjury that the foregoing is true and correct.

Executed on this \_\_\_\_ day of _____, 20\_\_\_.

Signature: _____

Printed Name: _____

Company Name: _____

Address/ Phone Number: _____

_____

_____

_____